No. 14,056.

HARVEY ET AL. *v.* THE STATE, EX REL. ROGERS, ADMIN-ISTRATOR.

ADMINISTRATOR.—*Conversion.*—*Fraudulent Conveyance.*—*Setting Aside.*—An administrator *de bonis non*, who obtains a judgment against his predecessor for the conversion by the former of the assets of the estate, may, without proceeding to collect the judgment from the sureties, maintain an action to set aside a conveyance which the defaulting administrator has fraudulently made of land purchased with the trust funds.

From the Cass Circuit Court.

*D. P. Baldwin, D. B. McConnell* and *S. F. McConnell,* for appellants.

*D. D. Dykeman, W. T. Wilson* and *G. C. Taber,* for appellee.

MITCHELL, C. J.—This was a suit by Rogers, administrator *de bonis non* of the estate of Michael Carney, deceased, against James Harvey and others, to set aside certain conveyances of real estate alleged to have been fraudulently made by James Duffy, the predecessor of the plaintiff, for the purpose of defeating the collection of a judgment which had been theretofore recovered by the latter against Duffy and the sureties on his bond.

It is averred that James Duffy, while acting as adminis-

trator of the estate of Carney, received funds belonging to the estate to the amount of $3,000, that he invested the money so received in certain real estate, taking the title in his own name, and that he afterwards, for the fraudulent purpose of defrauding his creditors, conveyed the land to his son Edward Duffy, who paid no consideration, and had knowledge, etc.

It is averred that Edward Duffy afterwards, in like manner, and for a like purpose, conveyed the land to the appellant Harvey, a volunteer, who paid no consideration.

The complaint contains all the essential allegations in respect to the insolvency of James Duffy.

There was a judgment setting aside the conveyance, subject, however, to a lien in favor of Harvey, the appellant, for $874.64, that amount having been, as the court found, paid by him for the purpose of discharging valid encumbrances upon the land.

It is insisted that since it does not appear but that the judgment against the defaulting administrator and his sureties might have been collected from the latter by means of an ordinary execution, no cause is shown for proceeding to set aside the conveyance in question, and hence that the complaint did not state facts sufficient to show a right of action. This precise question was presented and decided adversely to the contention of the appellant in *Duffy* v. *State, ex rel.,* 115 Ind. 351. It was there held that an administrator *de bonis non,* who had obtained a judgment against his predecessor and his sureties for the conversion by the former of the assets of the estate, might, without proceeding to collect the judgment from the sureties, maintain an action to set aside a conveyance which the defaulting administrator had fraudulently made of land purchased with the trust funds.

The reasons which support the decision are amplified in the opinion, and it is not necessary that the subject should be considered further. *Speiglemyer* v. *Crawford,* 6 .Paige, 254.

The bill of exceptions containing the special stenographer's

long-hand manuscript report of the evidence seems to be properly incorporated in a bill of exceptions, and is therefore in the record.  *Wagoner* v. *Wilson,* 108 Ind. 210.  It should be observed that some statements contained in *Lyon* v. *Davis,* 111 Ind. 384, relating to the authentication of bills of exceptions, are too broad.  The opinion in that respect was properly modified in the later case of *McCormick, etc., Co.* v. *Gray,* 114 Ind. 340.

An examination of the evidence leads to the conclusion that the finding of the court was fully justified.

The appellant is protected for all that he paid out in discharge of encumbrances upon the land.  This is the utmost that he was entitled to.  *Smith* v. *Selz,* 114 Ind. 229.  There was no error.

The judgment is affirmed, with costs.

Filed April 10, 1890.