Eller *et al. v.* Lacy.

Filed April 6, 1894.

◆

## No. 16,693.

## ELLER ET AL. *v.* LACY.

EQUITY.—*Action to Set Aside a Fraudulent Conveyance by One of Several Joint Debtors.—Legal Remedy.*—As long as a legal remedy exists against part of several joint debtors, equitable relief, as to another of such debtors, to set aside a fraudulent conveyance, will not be granted.

FRAUDULENT CONVEYANCE.—*Action to Set Aside.—Complaint.*—In an action to set aside a fraudulent conveyance and subject the land so conveyed to the payment of a judgment, it is necessary to show the character and validity of the judgment, although a copy of the judgment is not a necessary exhibit.

From the Hamilton Circuit Court.

*J. A. Roberts* and *M. Vestal*, for appellants.

*G. Shirts* and *I. A. Kilbourne*, for appellee.

HACKNEY, J.—The appellee sued to set aside, as fraudulent, the conveyance of certain real estate from the appellant Joseph W. Eller.

The complaint alleges that in the year 1878 the appellee held a judgment against Joseph W. Eller, Jackson, Albert, and William Lacy, for $6,750, and proceedings were pending to review said judgment, whereupon the

parties to said judgment entered into the following agreement as to said judgment and said proceedings to review:

"This cause settled and compromised on the following terms, to wit: The judgment rendered in this court on the 15th day of September, 1877, in favor of the said John Lacy and against the plaintiffs in this suit, for the sum of $6,750, is fully paid and satisfied, the receipt whereof is hereby acknowledged by the said John Lacy, and he is to enter satisfaction in full of said judgment, on the judgment docket of said court, the plaintiffs are to pay all costs in this cause, and to pay to said John Lacy the sum of $50 each and every year as long as he, the said John Lacy, may live, and in case the above sum should prove insufficient for the reasonable support of defendant in consequence of his long protracted sickness, then, and in that case, the plaintiffs are to pay, in addition to that sum, a sufficient sum to furnish said defendant a reasonable support.

"Signed.                              "JOHN LACY.
                                      "WILLIAM LACY.
                                      "J. W. ELLER.
                                      "JACKSON LACY."

The entry of the satisfaction of said judgment is then alleged, and the complaint further alleges that "the defendants, except the said Eller, herein, have paid plaintiff, each year, the fifty dollars due from them, and each of them, they also paid such sum in addition as has been necessary in case of sickness of plaintiff, as in said agreement provided, but the plaintiff avers that about five years ago the defendant Eller failed and refused, and has ever since failed and refused, to pay his portion of said money or any part thereof; that judgments have been rendered in favor of plaintiff in this court for three installments due from him; that executions have been re-

turned, no property found whereon to levy;    *    *    *
that said judgment, interest, and costs, amounted, at the
time, to about three hundred dollars.''

Then follow allegations of the ownership, by said El-
ler, of certain real estate, and that the same was fraudu-
lently conveyed by him to his two daughters, a convey-
ance by one daughter to the other, who is an appellant
herein, the insolvency of said Joseph W. Eller, and the
fact that he had not, at the time of said conveyance, nor
since, property sufficient to pay said debt due and to be-
come due.

A judgment against said Joseph W. Eller for two hun-
dred dollars is sought under said agreement, and it is
prayed that said conveyances be set aside ''to satisfy the
judgment heretofore taken by plaintiff against the de-
fendant J. W. Eller, as well as the judgment taken in
this action,'' etc.

The circuit court overruled the demurrer of the appel-
lants to the complaint, and the correctness of that ruling
is attacked here for several reasons.

The first objection to the complaint is that it seeks to
recover against one of several joint obligors, and to set
aside the conveyance of one of several joint obligors,
without an allegation that the others of such obligors
have not sufficient means and property from which the
plaintiff's claim could be made in whole or in part.

The appellee concedes, expressly, that ''it is not clear
from the face of the contract, whether it was intended to
be $50 from each of the promisors.''

We need not determine whether the agreement gave
the appellee $150 ''each and every year.'' but to our
minds it is perfectly clear that whatever sum was secured
by the agreement, it was, by the terms of the agreement,
payable by the obligors jointly.   The language of the
agreement is that ''the plaintiffs are to pay    *    *    *

to said John Lacy," and "the plaintiffs are to pay in addition." There is not a word in the agreement casting the slightest doubt upon the character of the instrument in this respect. But it is said that the parties construed the agreement as several, "because the complaint shows that each of the other parties had paid $50.00 per annum, and that the appellant, Joseph W. Eller, had paid a similar sum per annum until four or five years prior to the bringing of the suit." The complaint alleges, as will be seen, that "the defendants," excepting Eller, "have paid plaintiff each year the fifty dollars due from them and from each of them; they also paid such sum in addition" as was necessary in sickness. Omitting the words "due from them and each of them," which are but a conclusion of the pleader, and confining the inquiry to the fact, or the acts of the parties so paying, it does not appear that there was any severance in any payment, either as to persons or amounts. The failure of Eller to contribute to such payments neither changed the character of the contract nor created a construction of it, nor did that fact release the other obligors from the payment of the whole sum due from time to time by the terms of the contract.

It is unnecessary that we should intimate an opinion as to whether a construction by the parties, of a plain and unambiguous contract may prevail as against the only possible construction or legal interpretation its terms will permit. If the obligation is joint, there is not only no action stated for the claim to a personal judgment for the two hundred dollars against Eller upon the obligation, but there could be no cause for setting aside a conveyance of his property without exhausting those who were, as to such sum, liable jointly with him. As long as the legal remedy existed against part of the joint debtors, equity would not extend its relief as to another

of such debtors. This is elemental and our attention has fallen upon two cases involving the exact question before us. *Wales* v. *Lawrence*, 36 N. J. Eq. 207; *Randolph* v. *Daly*, 16 N. J. Eq. 313.

Against this conclusion appellee's learned counsel do not contend further than we have suggested, that the parties had construed the contract as several.

It remains to inquire as to the sufficiency of the complaint upon the allegations of the recovery of judgments against Eller alone upon said contract. It will be observed that a personal judgment is not sought upon the judgments so alleged against Eller, and, therefore, the complaint as to them could be sufficient only to reach the property so alleged to have been fraudulently conveyed. While a copy of the judgment was not a necessary exhibit with the complaint, yet it will be observed that some fact was necessary to have been alleged to show the character and validity of the judgment. Here, it does not appear that the alleged judgment debtor was brought into court by any process, nor are the dates, amounts, or character of the judgments given. It does not appear that no other than Eller was a defendant in the cases wherein the alleged judgments were rendered.

If the element of the complaint seeking to set aside the conveyances were eliminated, the complaint would probably be deficient in stating a cause of action for a personal judgment upon said judgments. However, since a personal judgment upon this branch of the appellee's claim is not sought, it is unnecessary to consider and determine the sufficiency of the complaint for that purpose.

The court erred in overruling the demurrer to the complaint, and for this error the judgment is reversed.

Filed April 7, 1894.