## STARK ET AL. *v.* LAMB ET AL.

[No. 20,568. Filed October 10, 1906. Rehearing denied January 11, 1907.]

1. FRAUDULENT CONVEYANCES.—*Setting Aside.—Joint Debts.— Legal Remedy against Part of Debtors.*—A creditor cannot resort to equity to set aside a fraudulent conveyance of one joint debtor and subject the property conveyed to the payment of his claim, where he has an adequate legal remedy for the collection of his claim from other joint debtors. p. 645.

2. FRAUDULENT CONVEYANCES.—*Setting Aside.*—*Legal Remedy against Joint Debtor.*—Special findings in a suit to set aside a fraudulent conveyance, showing that defendant fraudulently transferred his property to himself and wife; that he thereby became insolvent; that such transfer was made without consideration, and that the defendant's joint obligor was discharged in bankruptcy from the payment of such debt, support a conclusion of law that such conveyance should be set aside. p. 645.

3. SAME.—*Setting Aside.*—*Subsequent Bankruptcy of Solvent Joint Debtor.*—The insolvency of defendant's joint debtor, subsequent to defendant's fraudulent conveyance of his property, does not preclude the plaintiff creditor from setting aside such conveyance and subjecting defendant's property to the payment of his debts. p. 645.

4. SAME.—*Evidence.*—To set aside a conveyance as fraudulent, the plaintiff must prove facts which either directly or by inference show that such conveyance was made with a fraudulent intent. p. 646.

5. EXECUTION.—*Property Liable to.*—*Exemptions.*—*Evidence.*— Prima facie all property of a debtor is subject to execution; and therefore proof that the conveyance in question was voluntary and without consideration, or made with fraudulent intent, establishes a *prima facie* case. p. 646.

6. FRAUDULENT CONVEYANCES.—*Sales.*—*Exempt Property.*—A debtor's conveyance cannot be set aside as fraudulent, where his property is not subject to execution, being exempt by law. p. 647.

7. SAME.—*Setting Aside.*—*Exemptions.*—*Presumptions.*—Where the proof shows that the debtor had less than the amount of property which he might claim as exempt, the presumption is that he claims such exemption, and it is the duty of the court to find that such conveyance was not fraudulent. p. 647.

8. SAME. — *Setting Aside.* — *Exemptions.* — *Evidence.*—*General Denial.*—Under the general denial to a suit to set aside a conveyance as fraudulent, evidence is admissible to show that the defendant's property at the time of the conveyance was not subject to execution, and therefore the conveyance was not fraudulent. p. 647.

9. SAME.—*Exemptions.*—*Special Findings.*—The absence of a special finding that the alleged fraudulent conveyance covered property which was exempt by law, leaves a presumption that the court in finding that the conveyance was made with intent

to defraud his creditors, found such fact in view of the law giving such creditor a right to transfer his exempt property without being subject to the imputation of fraud.  p. 648.

From Elkhart Circuit Court; *James S. Dodge,* Judge.

Suit by Ellington C. Lamb against Henry Stark and others.  From a decree against Henry Stark and wife, they appeal.  Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.  *Affirmed.*

*James L. Harman* and *Edward B. Zigler,* for appellants.

*Perry L. Turner,* for appellee Lamb.

MONTGOMERY, J.—Appellee Lamb brought this suit to collect a promissory note executed by Milo W. and Henry Stark, and to set aside, as fraudulent, certain conveyances of real estate.  Milo Stark was adjudged a bankrupt pending the litigation, and the action dismissed as to him.  Appellants answered by general denial, and, at their request, the court made a special finding of facts, in substance as follows:  Milo and Henry Stark executed the note August 19, 1901, which now amounts to $223, and at the date of the note Henry owned real estate as described, and Abbie N. Stark was his wife.  Henry continued to own the real estate until April 27, 1903, when he and his wife conveyed the same to David Lingman, who on the same day, without consideration, reconveyed it to Henry and his wife.  On April 27, 1903, and continuously afterwards, Henry was and remained a resident householder of Elkhart county, Indiana, and had no property, other than said real estate, subject to execution.  At the date of said conveyances Milo Stark owned property of the value of $2,682, and was indebted to the amount of $550, but on September 11, 1903, he was insolvent and subsequently adjudged a bankrupt and duly discharged in bankruptcy.  Said conveyances were made to protect said Abbie N. Stark in the possession and use of the whole of said real

estate, and with intent to defeat and defraud the creditors of said Henry Stark. The second conclusion of law stated upon such facts is as follows: "Said conveyances, from the defendants, Henry Stark and Abbie N. Stark, to David Lingman, and from said David Lingman to the defendants, Henry Stark and Abbie N. Stark, are each fraudulent and void as against the plaintiff, and should be set aside."

It is alleged that the court erred in this conclusion of law, and argued that in the absence of a finding that Milo Stark as well as Henry was insolvent at the time 1. the fraudulent conveyances were made this conclusion cannot be sustained. It is a familiar principle that resort to a court of equity may not be had, so long as an adequate legal remedy exists. In the application of this rule it has been held by this court that, so long as a legal remedy exists against one or more joint debtors, equity will not extend its relief and set aside a fraudulent conveyance of another of such debtors at the instance of the common creditor. *Eller* v. *Lacy* (1894), 137 Ind. 436. See, also, *Geiser Mfg. Co.* v. *Lee* (1903), 33 Ind. App. 38.

It is specifically found that Henry Stark was insolvent at the time of making the conveyances attacked, and at all times since, and that the deeds were without con- 2. sideration and made with fraudulent intent. Milo Stark was solvent at the time the deeds were made, but became insolvent a few months afterwards, and was subsequently adjudged a bankrupt and discharged from his financial obligations. It is therefore plain that appellee Lamb must collect his debt from the real estate in controversy, or lose it. The circumstance that Milo Stark was solvent at the time the fraudulent conveyances were 3. made, does not make them any the less fraudulent, and the rule forbidding a premature resort to equity was not intended to take away a right of action and deny a salutary remedy, but merely to limit their exercise to cases

of actual necessity and thereby prevent unnecessary litigation. No substantial reason is shown why appellee should not avail himself of the remedy sought in this suit, but, on the contrary, it is entirely clear that without equitable interference he would be wholly without relief.

The conclusion of law is supported by the facts found, and the judgment is affirmed.

## ON PETITION FOR REHEARING.

MONTGOMERY, C. J.—Appellants' learned counsel have filed an earnest petition for a rehearing in which they properly call our attention to an omission to discuss a point made in their original brief. The special findings of the court stated that, at the time of executing the conveyance in question, "Henry Stark was a resident householder of Elkhart county, Indiana, and said Henry Stark had no other property of any kind subject to execution." The findings were silent as to the value of the property in controversy, and as to the total value of all property owned by Henry Stark at the date of the transfer attacked.

The insistence of appellants' counsel is that an affirmative finding that the property conveyed, together with other property owned by Henry Stark, was in excess of $600, was indispensable to appellee's recovery.

It is contended first by appellee that as appellant Henry Stark had no answer on file specially setting up his right and claim to an exemption, he is in no position to raise the question argued. We cannot agree with appellee in this contention. This suit is for relief against fraud, and it was incumbent upon appellee to establish the fraud charged, either by direct evidence or by proof of such other facts as warranted the inference of a fraudulent intent in making the transfers assailed. This court has heretofore decided that *prima facie* all property of a debtor within this State is liable for the payment of his debts and subject to execution. *Moss* v. *Jenkins* (1897), 146 Ind. 589, 596, and cases cited.

It follows, therefore, that upon a complaint to set aside a conveyance as fraudulent, a *prima facie* case is made out upon proof that such conveyance was voluntary and without consideration, or that it was made with fraudulent intent to hinder, delay, cheat, or defraud the creditors of the grantor, and accepted by the grantee with knowledge of its fraudulent character.

It is quite well settled that property exempt from execution is not subject to the claims of creditors, and may be transferred by the owner, unaffected by any such claims. The owner having a right to hold property exempt from the demands of his creditors has an absolute and unhampered right to transfer the same, and in doing so cannot legally be charged with defrauding his creditors or with an intent to do so. *Faurote* v. *Carr* (1886), 108 Ind. 123, 125; *Taylor* v. *Duesterberg* (1887), 109 Ind. 165, 170; *Barnard* v. *Brown* (1887), 112 Ind. 53; *Citizens State Bank* v. *Harris* (1897), 149 Ind. 208.

The law presumes that a resident householder will avail himself of his right to claim an exemption, and in a suit of this character, where it is made to appear affirmatively that the debtor was a resident householder of the State, and that all property owned by him at the time of the transfer in question did not exceed $600 in value, a court of equity will not disturb such transfer as fraudulent. *Wallace* v. *Lawyer* (1876), 54 Ind. 501, 509, 23 Am. Rep. 661; *Williams* v. *Osborne* (1884), 95 Ind. 347; *Burdge* v. *Bolin* (1886), 106 Ind. 175, 55 Am. Rep. 724.

The issue in this case was one of fraud in making conveyances of real estate, and it was proper for appellants, to repel the charge of fraud, to show, if they could, that the property conveyed was exempt from execution. Evidence to establish the facts showing a right to claim the property as exempt from appellee's demand was clearly admissible under the answer of general

denial, and without a special plea. *Isgrigg* v. *Pauley* (1897), 148 Ind. 436; *Jeffersonville Water Supply Co.* v. *Riter* (1897), 146 Ind. 521.

The absence of a finding of facts showing that the property in controversy was exempt from appellee's claim, leaves the principle of law that such property was 9. *prima facie* liable therefor in force. The court expressly found that the conveyances in question were made "with intent to defeat and defraud the creditors of Henry Stark," and, nothing appearing to the contrary, it must be presumed that this finding was made with reference to the law, that such an intent could not legally exist with respect to conveyances of property within the exemption laws of the State.

We accordingly hold that the finding of facts is sufficient to sustain the conclusions of law, and overrule appellants' petition for a rehearing.