RICHARDSON ET UX. *v.* CROUCH ET AL.

[No. 12,152. Filed December 10, 1925. Rehearing denied February 24, 1926.]

1. FRAUDULENT CONVEYANCES.—*Judgment creditor cannot maintain suit to set aside conveyance by one of two judgment debtors without showing that other debtor is insolvent.*—A creditor having a joint judgment against the two members of a firm cannot maintain a suit to set aside a conveyance by one of them as fraudulent where there is no showing that the other judgment debtor is insolvent, as equity will not interfere where there is an adequate remedy at law. p. 236.

2. FRAUDULENT CONVEYANCES.—*Judgment creditors seeking to set aside conveyance not entitled to relief unless fraud and prejudice proved.*—Judgment creditors seeking to have a conveyance by the entireties to one of two judgment debtors and his wife set aside as fraudulent were not entitled to relief where there was no showing that the conveyance was fraudulent and that it prevented them from collecting their judgment. pp. 236, 238.

From Boone Circuit Court; *Frank E. Hutchinson,* Judge.

Suit by Jeptha Crouch and another against John T.

Richardson and wife. From a judgment for plaintiffs, the defendants appeal. *Reversed.* By the court in banc.

*E. C. Gullion,* for appellants.

*Ira M. Sharp,* for appellee.

McMAHAN, J.—Complaint by appellees against John T. Richardson and Mary E. Richardson, his wife, appellants herein, to quiet title to a certain tract of land and to set aside as fraudulent a deed whereby the real estate involved was conveyed to appellants by the entireties. To this complaint, appellants filed an answer of general denial and a cross-complaint asking that the title to the real estate described be quieted in them. From a decree quieting appellees' title, this appeal. The only error assigned relates to the action of the court in overruling appellants' motion for a new trial, the specifications of which are that the decision is not sustained by sufficient evidence and is contrary to law.

Appellants' first contention is that there is no evidence to show that at the time of the alleged conveyance, or at any time thereafter, appellant John T. Richardson did not have sufficient property in this state subject to execution to pay and satisfy appellees' claim. In view of the fact that the judgment must be reversed for another reason, we do not deem it necessary or advisable to enter into a discussion of the evidence bearing upon this contention.

It appears from the uncontradicted evidence that appellant John T. Richardson and Harmon E. Newman as partners were indebted to appellees in the sum of $735. That judgment was rendered against John T. Richardson and Harmon E. Newman in the Hamilton Circuit Court April 7, 1919, in favor of appellees for said amount.

There is no evidence concerning the financial condition of Newman other than that, at the time of the trial, he owned twenty-six acres of land in Clinton county, Indiana. There is no evidence to show that Newman, at all times since the rendition of the judgment for which he was jointly liable with John T. Richardson, was not financially able to pay, and that appellees could not have collected their judgment in full from him on execution.

As was said by this court in *Geiser Mfg. Co.* v. *Lee* (1903), 33 Ind. App. 38, 66 N. E. 701: "It is a rule, to which there are no exceptions, that where there is an adequate remedy at law equity will not interfere, and that extraordinary remedies cannot be invoked. * * * There is no averment in the complaint that Lee and Hardin, co-obligors with Sylvester St. Clair, were insolvent. There is no presumption of insolvency, and if they were solvent and able to pay appellant's debt, for which it sues, then its interests and rights were not jeopardized by the conveyances which it seeks to set aside as fraudulent. So far as it appears from the complaint and the evidence, appellant has an adequate and complete remedy at law to collect its judgment by execution. As a legal remedy exists against a part of the joint debtors, equity will not extend its relief as to another of such debtors. This is an elemental principle. This exact question was decided adversely to appellant's contention in the case of *Eller* v. *Lacy*, 137 Ind. 436." To the same effect see *Stark* v. *Lamb* (1906), 167 Ind. 642, 78 N. E. 668, 79 N. E. 895.

There are, however, some exceptions to the rule that a judgment creditor must exhaust his remedies against other judgment debtors before bringing suit to set aside a conveyance as fraudulent. Thus, in *Duffy* v. *State, ex rel.* (1888), 115 Ind. 351, 17 N. E. 615, and in *Har-*

vey v. State, ex rel. (1890), 123 Ind. 260, 24 N. E. 239, the other judgment debtors were sureties. Alford v. Baker (1876), 53 Ind. 279, is another apparent exception wherein it was held that the legal remedy against assets located outside of the state need not be exhausted. This case does not come within any exception, and we hold that the evidence is not sufficient to sustain the decision of the court.

Judgment reversed, with directions to sustain the motion for a new trial, and for further proceedings consistent with this opinion.

### ON PETITION FOR REHEARING.

MCMAHAN, J.—Appellees, in petitioning for a rehearing, contend that we erred in stating that this is an appeal from a decree quieting their title to the land in controversy and that the action was being prosecuted by them to set aside a fraudulent conveyance. They now contend that the first and third paragraphs of their complaint were in ejectment; that the second was to quiet title, and that the judgment was in ejectment, and that there was no decree quieting their title.

The third paragraph of complaint alleged that in April, 1919, appellees recovered a judgment in the Hamilton Circuit Court against appellant John T. Richardson and Harmon E. Newman, on which, in December, 1921, execution was issued to the sheriff of Boone county, who levied upon and sold the land in controversy to appellees, who later received a sheriff's deed therefor; that when said judgment was rendered in the Hamilton Circuit Court, John T. Richardson owned certain land in Boone county which he in June, 1919, and after the rendition of their judgment, sold, and that in February, 1920, he purchased the land in question, and, for the purpose of cheating and defrauding appellees and preventing them from collecting their said judgment,

caused the title to the land so bought by him to be taken in the name of himself and his wife, Mary E. Richardson, by the entireties. This complaint alleged facts sufficient to make a good complaint to have the conveyance to appellants by the entireties set aside and to have the land so held by appellants subjected to the judgment and sale to appellees, because of the fraud of appellants, and appellees asked that they be declared to be the owners of said real estate by virtue of said sheriff's deed and for possession of the same.

Appellees tried this case upon the theory that it was necessary for them to prove that the action of appellants in taking title to the land in controversy was fraudulent as to them and that when the land was sold to them by the sheriff, appellant John T. Richardson was, in fact, the equitable owner thereof, although the legal title was in him and his wife by the entireties. Not only was the case tried upon that theory, but appellants and appellees briefed the case in this court upon that theory, and we decided the same upon the theory that it was in reality an action to have the conveyance to appellants by the entireties vacated for the purpose of subjecting the same to sale to satisfy appellees' judgment.

In order to authorize a decree in favor of appellees upon either paragraph of their complaint, it was necessary for them to show that a fraud had been perpetrated upon them, and that they were prevented from collecting their judgment which had been rendered against John T. Richardson and Harmon E. Newman, as partners. For the reason pointed out in the principal opinion, the evidence was not sufficient to sustain the decision of the court upon either paragraph of the complaint.

Petition denied.