J. W. EDWARDS *et al.* v. THE IOLA GAS COMPANY.

No. 12,747. (69 Pac. 350.)

SYLLABUS BY THE COURT.

1. LANDLORD AND TENANT—*Forfeiture for Non-payment of Rent—Time not the Essence of the Contract.* While a stipulation in an oil and gas lease, providing for a forfeiture of the lease for non-payment of rent reserved, is inserted for the benefit of the lessor, and is to be strictly construed for his benefit and protection, yet, where the time of payment of such rental is neither in express

terms nor by necessary implication made of the essence of the lease between the parties, equity may excuse the default in payment, and will not declare a forfeiture and cancelation of the lease in a case where it would be inequitable and unconscionable so to decree.

2.——— *Sufficient Findings.* Findings examined, and found sufficient, in connection with a general finding in favor of the defendant, to excuse a refusal to enter a decree forfeiting the lease in controversy in this action.

Error from Allen district court; L. Stillwell, judge. Opinion filed July 5, 1902. Affirmed.

*Thompson & Thompson,* for plaintiffs in error.

*H. A. Ewing,* and *Perry D. Rose,* for defendant in error.

The opinion of the court was delivered by

Pollock, J. : This action was brought by plaintiffs in error, plaintiffs below, against the Iola Gas Company, to procure a decree of cancelation of an oil and gas lease on a tract of land purchased by plaintiffs during the term and with notice of such lease. The right to the relief demanded is predicated upon two propositions : (1) That defendant company had failed to comply with the requirements of section 12 of chapter 10, Laws of 1898, commanding a report of its affairs to be made to the secretary of state ; (2) that defendant had forfeited its right to the property by non-payment of rent. The lease in question contains the following stipulation :

"In consideration of said grants and demise, the said party of the second part agrees to give or pay to the said party of the first part the full equal tenth part of the oil and minerals produced or saved from the premises, and to deliver the same free of expense into the tanks or pipe-lines to the credit of the first party, and should gas be found in sufficient quantities

to justify marketing the same, the consideration in full to the party of the first part shall be fifty dollars per annum for the gas from each well, so long as it shall be sold therefrom; gas free of cost for household use on the premises; said second party to have gas or oil free of cost for drilling or pumping purposes. It is agreed that there shall be no wells drilled within 300 feet of the buildings now on the premises without the consent of the first party. It is further agreed that the party of the second part shall complete a well on the above-described premises within ninety days from date hereof, unavoidable delays and accidents excepted, or in default thereof to pay to the party of the first part for further delay a yearly rental of twenty dollars on said premises herein leased from the time above specified for completing a well until such well shall be completed; the said rental shall be deposited to the credit of the party of the first part in the Bank of Allen County or be paid in direct to said first party. And a failure to complete such well, or to make such payments as are herein mentioned, shall render the lease null and void.''

A gas-well was completed upon the premises in the month of November, 1898. The company commenced marketing gas from this well on the 8th day of December, 1898. It was contended that the company had wholly failed to make payment of the sum of fifty dollars, as specified in the lease, at the time of the commencement of this action, which was December 16, 1899, and that, therefore, the lease became null and void and plaintiffs were entitled to a decree of cancelation. The company based its defense upon a waiver by plaintiffs of the right to insist upon the forfeiture claimed; asserted that plaintiffs were estopped by their acts and conduct from insisting upon such forfeiture; and alleged the willingness and readiness of defendant at all times to comply fully with the terms of the lease, and the payment of a portion of the

amount due to the lessor. There was a trial to the court. Special findings of facts were made at request of plaintiffs, and judgment was rendered for defendant. Plaintiffs bring error.

The sole ground of error relied on to work a reversal of the judgment rendered arises on the action of the trial court in overruling the motion for a new trial and entering judgment in favor of defendant. What effect the failure of defendant company to comply with the provisions of section 12 of chapter 10, Laws of 1898, would have had on its right to defend this action need not be considered, as the court specifically found from the evidence that no such failure was proved. As to the failure of the company to make payment of the sum of fifty dollars per annum for each gas-well sunk upon the premises from which gas was marketed, the court found as follows:

"Ques. 22. Find what statements and representations, if any, were made by the officers and agents of the defendant company to induce the said James A. Jeffries to accept the sum of fifteen dollars as a payment on the rental for the use of the gas from said well long after said premises were conveyed to these plaintiffs by deed from him and after the commencement of this suit. Ans. Said officers and agents, honestly and in good faith, believed that said Jeffries was entitled to said sum; they thereupon tendered the sum to him, and he accepted it.

"Q. 23. Find whether or not the payment of said fifteen dollars was made in good faith by said officers and agents of the defendant company to discharge the indebtedness actually due, a debt from said defendant company to said Jeffries, or was it paid to him for a shift and device to, if possible, prevent the plaintiffs from recovering in this action. A. It was not paid as a shift or device to prevent plaintiffs from recovering in this action. The other portions of this question are answered in No. 22.

"Q. 24. Find whether or not the fifty dollars rental for the use of the gas from said well, as provided to be in said lease, for one year from the completion of said well, or the use by the defendant company of said gas from said premises, was paid or offered to be paid to the plaintiffs, or either of them, or to any person for them authorized to receive the same, before the expiration of said year and before the commencement of this action. A. The defendant, by its secretary, met the plaintiff Edwards in the city of Iola a short distance from the defendant's office, and thereupon said defendant, in good faith, through its secretary aforesaid, requested said plaintiff to come to the office of the defendant for the purpose of there being paid all moneys due the plaintiff under the terms of the lease in controversy. The defendant was ready, willing and able to pay said money, but said plaintiff declined to receive the same, for the reason that he considered the lease forfeited. This occurred a few days after December 3, 1899, and before the commencement of this action.

"Q. 25. Find whether or not the offer of the said defendant company, through its secretary, if any such offer was ever made to pay these plaintiffs the said fifty dollars after the commencement of this action, was made in good faith, or merely for the purpose of trying to defeat the plaintiffs' recovery in this action. A. This is covered by the last preceding answer."

It is earnestly insisted by counsel for plaintiffs in error that the above findings are insufficient to excuse the refusal of the trial court to enter a decree canceling the lease; that oil and gas leases are exceptions to the general rule that forfeitures are not favored by the law; that unless a strict and literal compliance with the terms of the lease by the lessee is shown, it is the duty of the court to award a decree of cancelation; and *Galey v. Kellerman,* 123 Pa. St. 491, 16 Atl. 474; *Wills v. Manufacturers' N. Gas Co.,* 130 id. 222, 18 Atl. 721, 5 L. R. A. 603; *Hooks et al., Appellants,*

*v. Frost et al.*, 165 id. 238, 30 Atl. 846; *Evans v. Consumers' Gas Trust Co.* (Ind.), 29 N. E. 398, 31 L. R. A. 673, and other cases, are cited in support of this contention. While it is undoubtedly true that provisions for forfeiture in leases of this character are for the benefit of the lessor, and are more strictly enforced than in the ordinary lease between landlord and tenant, yet it is not a rule of universal application that all defaults made by the lessee entitle the lessor to declare a forfeiture, or have a decree canceling the lease.

The action here brought is equitable. The time of payment specified in the lease is neither in express terms nor by necessary implication of the essence of the contract. In the absence of such stipulation, equity will not decree the cancelation of a contract for the failure of a party to comply strictly with its terms when it would be unconscionable so to do. While the very nature of the undertaking, the situation of the parties, the small amount of rent reserved in leases taken for the purpose of development of new territory, the liability of exhaustion of the supply from wells sunk on adjacent property, all conduce to render equitable a more strict compliance with the terms of the lease by the lessor in cases of this character than in ordinary cases of landlord and tenant; yet, as in this case the defendant company had expended a large amount of money in development work, had discovered a paying well upon the property, increasing the amount to be paid under the terms of the lease, and as the trial court specifically states at the conclusion of his findings that "the above and foregoing answers are only in response to the questions submitted by the plaintiffs and are not intended to include all the issuable facts in the case,"

we cannot say, in the face of the general finding for the defendant, and under the findings made at the request of plaintiffs, that the trial court erred in refusing to enter a decree canceling the lease in question. On the contrary, we are of the opinion that, under the circumstances of this case and upon the facts as found by the trial court from the evidence, the decree entered is in harmony with equity and justice as between the parties, and is supported by the authorities. (*Lynch v. Gas Co., Appellant*, 165 Pa. St. 518, 30 Atl. 984; *Steiner v. Marks et al., Appellants*, 172 id. 400, 33 Atl. 695.)

It follows that the judgment must be affirmed.

DOSTER, C. J., SMITH, J., concurring.