DOROTHY WORK v. THE FIDELITY OIL, GAS AND
MINERAL COMPANY *et al.*

No. 15,713.   (98 Pac. 801.)

SYLLABUS BY THE COURT.

1. CONTRACTS—*Equitable Relief.*   In granting equitable relief
under a contract a court should go only so far as is just and
equitable.

2. ——— *Enforcement.*   Neither a court of law nor of equity
will enforce an unconscionable contract.

Error from Allen district court; OSCAR FOUST, judge.
Opinion filed December 12, 1908.   Affirmed.

STATEMENT.

The trial court stated the issues and made findings of
fact and conclusions of law, as follow:

*(Statement of Issues.)*

"(1) This action was commenced November 15,
1905.

"(2) Relief sought—cancelation of oil-and-gas lease,
and injunction; asked also decree quieting title of plain-
tiff to lands described in lease in controversy as against
each and all of defendants.

"(3) Defendants answer averring substantial per-
formance of conditions on their part to be kept and
performed; and further averring fraud in procure-
ment of lease in its present form as to terms and con-
ditions, and ask for reformation of same and for gen-
eral relief.

"(4) Plaintiff replies denying all new matter set out
in answer and cross-petition of defendants, especially
denying all matters set out in such answer and cross-
petition of defendants as is inconsistent with the al-
legations of plaintiff's petition.

*(Findings of Fact.)*

"(5) From the pleadings and evidence in the cause
the court finds the following facts:

"That the contract of lease, a copy of which is at-
tached to the petition of plaintiff, marked 'Exhibit A,'
was on the 13th day of October, 1903, duly made and
entered into by and between George Z. Work and

Dorothy Work, his wife, of the first part, and W. C. Robinson and W. J. Kennedy of the second part; that by subsequent assignments duly made the defendant The Fidelity Oil, Gas and Mineral Company, a corporation, duly organized under the laws of the state of Kansas, became, and was at the time of the commencement of this action, since then, and now is in the possession of all the right, title and interests of defendants W. C. Robinson and W. J. Kennedy, the original lessees in said agreement of lease.

"(6) That under the terms and conditions of said contract of lease, the defendant The Fidelity Oil, Gas and Mineral Company entered upon the lands described in said contract of lease and commenced operations, and has drilled upon said tract of land eleven (11) wells, numbered consecutively, numbers 1 to 11, both inclusive, of which wells No. 2 resulted in a dry hole, and No. 11, while showing some oil, though not sufficient to justify working, was plugged and abandoned, thus leaving nine producing wells, averaging in capacity and output with oil-wells generally in the Humboldt district, in which the lands in controversy are located.

"(7) That likewise, under and in pursuance with the terms and conditions of said contract of lease, the defendant The Fidelity Oil, Gas and Mineral Company did install a complete shackle-rod pumping-plant for pumping the wells described on said tract of land, and operated the same until about the 15th day of March, 1905.

"(8) That the lessees and those claiming under them ceased all operations as to development of said land and drilling wells in the early part of July, 1904.

"(9) That defendant The Fidelity Oil, Gas and Mineral Company, in good faith, has expended in the purchase of machinery, casing, tubing, boilers, engines, shackle-rods, tanks, tools, fixtures, and in the building of structures necessary for the development of said tract of land, approximately the sum of $20,000, and the further sum of about $4200 in wages and expenses in that regard.

"(10) That on the 17th day of July, 1905, George Z. Work, now deceased, and Dorothy Work, his wife, lessors in contract for lease in controversy in this action, gave notice in writing to the defendant company,

in which notice, after reciting extracts from lease, they say:

"'Now, therefore, this notice is to warn you that unless you begin active operations in the further development of said premises within thirty (30) days from service hereof suit will be instituted for the nullification of said lease and for the possession of all the property as above described.'

"The receipt of this notice is admitted by corporation defendant.

"(11) That George Z. Work, one of the lessors in lease in controversy, died testate during the month of August, 1905, and by his will devised to Dorothy Work, his wife (now widow), plaintiff in this action, the lands in controversy herein, and she, the said Dorothy Work, since then and at the time of the commencement of this action, was, and now is, the legal and equitable owner of said lands.

"(12) That the Fidelity Oil, Gas and Mineral Company, defendant, after receiving the notice for lessors dated July 17, 1905, referred to in paragraph 10 of these findings, proceeded to arrange for the resumption of operating and pumping the wells on said tract of land, and marketing the oil produced, and to that end perfected a deal with the Standard Oil Company to accept the oil so produced, and on or about September 19, 1905, the defendant The Fidelity Oil, Gas and Mineral Company, notified the plaintiff herein that it had arranged to start the pumps to produce oil on said lands and to sell to the Standard Oil Company at Humboldt, Kan., and at the same time also notified plaintiff that it would sink no more wells at present; and it, said defendant, The Fidelity Oil, Gas and Mineral Company, did, in good faith, proceed to pump said wells on said lands and dispose of oil to the Standard Oil Company.

"(13) That on September 25, 1905, plaintiff herein gave notice in writing to defendant The Fidelity Oil, Gas and Mineral Company to cease from doing or performing any work of any kind or character in operating for oil or gas under aforesaid lease upon lands described therein, and further notifying it not to remove from said leased premises any property, buildings, machinery, structures, improvements, casings, tubings, fixtures, fittings in wells, pipes and pipe-lines, oil-tanks, oil and gas, or any other personal effects of any kind or character placed or produced thereon, al-

leging in said notice that such notice was given for the reason that the covenants, stipulations and provisions of said lease had been violated by said defendant company, and such lease had thereby been wholly forfeited.

"(14) That this action was commenced on the 15th day of November, 1905, at which time the defendant company was pumping the wells on said lands and marketing the oil, and upon application of plaintiff a restraining order was granted herein, and November 25, 1905, was, by the judge, set as the time for hearing of application for temporary injunction, and upon November 25, 1905, upon hearing had, a temporary injunction was granted by the judge of this court, as follows:

" 'In consideration of the premises, I do order and direct that the defendants, and each and all of them, or any one acting by, through, or under them, or either of them, be restrained and enjoined from doing and performing work of any kind or character in operating for oil and gas on the leased premises hereinbefore described, and from removing from said leased premises any of the property hereinbefore set forth, provided, however, that the defendant The Fidelity Oil and Gas Company shall be and is hereby permitted to operate the wells now upon said leased premises, in order to preserve and protect same in the interest of all parties, and may market and sell the oil produced from such wells at the best price that can be had therefor, and out of such proceeds pay all necessary expenses of operating and caring for such wells, keeping accurate accounts of such receipts and expenditures, copy of which said accounts to be filed in this action monthly, the net proceeds arising from such sale of oil to be held by said defendant The Fidelity Oil and Gas Company, subject to the further order of the court, or judge thereof; this order to be and continue in force until the further order of the court or judge thereof, and to become operative upon the plaintiff executing and filing herein a bond to the defendants in the sum of three thousand dollars ($3000), with surety to be approved by the clerk of this court, conditioned as is provided by law.'

"That on December 9, 1905, bond for injunction, pursuant to terms of temporary injunction order, was approved and filed, and since then said temporary injunction was, and now is, in full force and effect.

"(15) That to have properly developed the tract of

land described in contract of lease in controversy in this action, there should have been at least one well drilled to every ten (10) acres, or at least forty (40) wells upon said tract of land.

"(16) That during the years 1904 and 1905, owing to the unsettled condition of the oil-producing business in the Humboldt district, in which the lands in controversy are located, it was practically impossible for producers to handle their products, or in any manner profit by operating their holdings, and this from no fault of operators, such as defendants in this action— the conditions arising from causes entirely beyond their control.

"(17) That the defendants The Fidelity Oil and Gas Company and The Fidelity Oil, Gas and Mineral Company are both corporations organized under the laws of the state of Kansas.

"(18) That the defendants W. C. Robinson, W. J. Kennedy and J. B. Sinclair filed their written disclaimers herein, wherein they say that 'hereby each and all as individuals say that they are not individually interested in the contract and agreement set out in the petition.'

"From the foregoing facts, I deduce the following:

*(Conclusions of Law.)*

"(1) That on the 17th day of July, 1905, the defendant The Fidelity Oil, Gas and Mineral Company, a corporation defendant, by reason of a failure to develop the lands in controversy as contemplated by contract of lease, and in keeping in operation at least one drill on said lands, had omitted in the performance of such duties as would have entitled the lessors to invoke a forfeiture of such contract of lease.

"(2) That the lessors, by giving notice to defendant The Fidelity Oil, Gas and Mineral Company, on July 17, 1905, to proceed to operate on said lands under said contract of lease thereby elected to waive such forfeiture of lease at that time incurred, and thereby invited defendant The Fidelity Oil, Gas and Mineral Company to proceed with operations on said lands.

"(3) That the defendant The Fidelity Oil, Gas and Mineral Company, within a reasonable time after receiving notice from lessors mentioned in conclusion of law No. 2, resumed operations on said lands, pumping producing wells on said lands and marketing oil produced, but wholly neglected and failed to further de-

velop said lands by drilling of additional wells, but because of such failure to further develop said lands and keep drill in operation on said lands plaintiff, by her notice of September 25, 1905, elected to terminate said contract of lease.

"(4) That the plaintiff is entitled to a cancelation of said contract of lease and a decree forever quieting her title in and to the lands described therein, against each and all of the defendants, or any one claiming by, through or under them, or either of them; and that the defendants, and each of them, or any one claiming through or under them, or either of them, be perpetually enjoined from asserting any right, title, interest, property, claim or demand by virtue of said contract of lease, or lands described therein, or covered thereby; and likewise that the defendants and each of them, or any one claiming by, through or under them, or either of them, be perpetually enjoined from going upon to operate said lands or any part thereof, or to remove any property therefrom, except as in next succeeding conclusion of law (No. 5) stated.

"(5) That in view of facts hereinbefore found, in equity and good conscience, the cancelation of lease contract herein should be treated as a termination of lease under the terms of said contract of lease, which provides as follows:

" 'That the lessee shall not remove therefrom any buildings or improvements erected thereon during the said term by the said parties of the second part, but said buildings and improvements shall remain a part of the said premises and become the property of the owners of the land as a part of the consideration of the lease, in addition to the other considerations herein provided, excepting the tools, boilers, boiler-houses, pipe-lines, drilling outfits, tanks for water for drilling, engines and machinery, and the casing in dry wells, shall remain the property of the second party, and may be removed at any time before the expiration of sixty (60) days from the termination of this lease.'

"Therefore the defendant The Fidelity Oil, Gas and Mineral Company may within sixty (60) days of said date remove from said lands its tools, boilers, boiler-houses, pipe-lines, drilling outfits, tanks for water for drilling, engines and machinery, and the casing in dry wells, provided that it, the said The Fidelity Oil, Gas and Mineral Company, defendant, shall in a good and

workmanlike manner, carefully plug all dry wells, and in such wells as produce oil casing to be left in good condition and they to be carefully capped and closed, so as to preserve them and the adjacent field.

"(6) That the prayer of the defendant The Fidelity Oil, Gas and Mineral Company for a reformation of contract of the lease be and the same is denied.

"(7) That the defendant The Fidelity Oil, Gas and Mineral Company pay the costs of this action.

"(8) That judgment and decree be rendered herein accordingly."

Plaintiff's motion for a new trial was denied, and judgment was rendered in accordance with the conclusions of law.

*A. S. Lapham, S. W. Brewster,* and *Andrew L. Winters,* for plaintiff in error.

*Charles H. Apt,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.: The plaintiff assigns as error the exclusion of certain evidence offered by her, but in her brief she does not specify the portions of such testimony to which objection is made. She also claims as error the admission of evidence offered by the defendants, and refers to pages of the record. In the review of cases this court now looks only to the abstract.

The defendants, if there are more than one, devote practically their entire brief to the discussion of alleged errors of the court against them. It does not appear that they filed any motion for a new trial below, or that they filed any cross-petition in error in this court. These questions are not, therefore, pending here. Since the plaintiff fairly challenges the sixteenth finding of fact as not sustained by the evidence, and the defendants abstract no evidence in support thereof, this contention is sustained. (*Railway Co. v. Conlon,* 77 Kan. 324, 94 Pac. 148.)

It does not follow therefrom that the court erred in the fifth conclusion of law. The court decided as a

Work v. Gas Co.

matter of equity and good conscience that the cancelation of the lease, which the plaintiff prayed for, should be treated as an expiration of the lease under the terms thereof, and not such a termination as would forfeit to the plaintiff property of great value placed on the premises by the lessee. It is an equitable suit to set aside and cancel a lease before its expiration by lapse of time. The court found that the lessee had bored on the premises eleven wells, nine of which at the time of the commencement of the suit were "producing wells averaging in capacity and output with oil-wells generally in the Humboldt district, in which the lands in controversy are located." The court also found that the defendants had "in good faith . . . expended in the purchase of machinery, casing, tubing, boilers, engines, shackle-rods, tanks, tools, fixtures, and in the building of structures necessary for the development of said tract of land, approximately the sum of $20,000, and the further sum of about $4200 in wages and expenses in that regard." The court set aside the lease and awarded the possession of the premises to the plaintiff, and enjoined the defendants from interfering therewith, except to remove from the premises certain specified machinery, buildings, tanks and the casing in dry wells.

The lease was set aside on account of the failure of the defendants to comply with certain conditions thereof, and according to the letter of the contract the defendants forfeited to the plaintiff thereby all of this machinery, buildings, etc. There is no contention but that the plaintiff had received the agreed royalty upon all the oil the defendants had produced upon the premises, and at a rate, as claimed by the defendants, considerably in excess of the customary rates in the district, and she is left nine producing oil-wells, cased and in good condition. We think the court of equity was amply justified in refusing to require the defendants to forfeit to the plaintiff $20,000 worth of other property, even though the letter of the contract so provided.

Neither law nor equity favors forfeitures. The plaintiff had, but a short time before the bringing of the suit, waived the forfeiture of the lease, which she might have claimed by reason of the partial failure of the defendants to perform the conditions thereof. The defendants thereupon resumed the operation of the producing wells, but because of their failure or refusal to bore other wells the plaintiff asked a court of equity not only to cancel their lease and to enjoin them from operating the wells they had produced but also to forfeit to her $20,000 worth of machinery, buildings, etc.

In granting equitable relief under a contract the court should go only so far as is just and equitable, and neither in law nor in equity can a party enforce an unconscionable contract. This proposition is so universally recognized that no citation of authorities is deemed necessary.

The judgment of the court is affirmed.