No. 20,276.

A. B. BLOOM AND GEORGE M. BOWEN, *Appellees,* v. E. L. RUGH et al., *Appellants.*

### SYLLABUS BY THE COURT.

1. MINES AND MINERALS — *Oil and Gas Lease — Forfeiture — Laches— Waiver.* Rule followed that a right of forfeiture must be promptly asserted or it will be treated as waived.

2. SAME—*Oil and Gas Lease—Construction—Forfeiture—Waiver.* An oil and gas lease for a term of one year and as long thereafter as gas and oil might be found in paying quantities contained a clause:

"Second party agrees to commence well on the above described premises within 90 days from the date hereof, and in case of failure to do so this lease shall become null and void and without any further effect whatever, unless the Lessee shall pay for the delay at the rate of One Dollar per acre per annum thereafter until a well shall be commenced."

No well was commenced within the time agreed, but the lessor did not assert her right of forfeiture for nearly three months thereafter, at which time she made a second lease to other parties in which it was stipulated that the lessees should be "responsible for all action that may be brought from former lease." *Held, t*hat the failure of lessor to assert her right of forfeiture promptly and unequivocally on the first default waived that right, and the first lease was not void for

Bloom v. Rugh.

uncertainty as to the time when rent should be paid if the well was not commenced in ninety days, and payment of rent at any reasonable time on demand would be sufficient to avoid the forfeiture, following *Smith v. Steele*, 96 Kan. 106, 150 Pac. 519.

3. SAME—*Oil and Gas Lease—Rent—Payment—Time.* In such a lease time of payment of rent is not of the essence of the contract and payment at any reasonable time or upon reasonable demand would be sufficient to avoid forfeiture. (*Smith v. Steele,* supra.)

4. SAME—*Oil and Gas Lease—Breach—Evidence—Oral Contemporaneous Agreement.* Evidence of the lessor as to an oral agreement made at the time the written lease was executed that she was to get rent in ninety days if the well was not commenced is not sufficient to support an adjudication of forfeiture when the lessee, during the first year and definitely fixed term of the lease, put down a well producing two million feet of gas per day, and when the lessor's rights can otherwise be adequately protected.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed July 8, 1916. Reversed.

*James A. Allen,* and *John J. Jones,* both of Chanute, for the appellants.

*T. H. Stanford,* and *G. T. Stanford,* both of Independence, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This is a lawsuit between rival lessees of gas and oil rights in a farm in Labette county.

On February 22, 1913, the owner leased the oil and gas rights in her farm to E. L. Rugh for one year and as much longer as oil and gas might be found in paying quantities. The lease in part provided:

"2. (*a*) Should gas be found in paying quantities to pay to the Lessor the sum of One Hundred Dollars per year for each well from which gas is being sold or utilized off of the premises, payable quarterly in advance from time well or wells are completed, and agree to drill second well within eight months, provided first well is of commercial value.

"1. (*a*) Second party agrees to commence well on the above described premises within 90 days from the date hereof, and in case of failure to do so this lease shall become null and void and without any further effect whatever, unless the Lessee shall pay for the delay at the rate of One Dollar per acre per annum thereafter until a well shall be commenced.

"(b) Such payment shall be made to the Lessor's credit in Mound Valley State Bank at Mound Valley, Kansas.

"2. That Lessee shall have the right at any time to terminate this lease by the payment of one dollar and by surrendering this lease, and shall thereafter be released from all obligations and liabilities under same."

On August 13, 1913, the owner made a second lease of the oil and gas rights in the farm to A. B. Bloom and George M. Bowen for two years and as much longer as gas and oil might be found in paying quantities. This lease provided:

"Provided, a well is not commenced on said premises within 90 days from the date hereof, unavoidable accidents and delays excepted, then this grant shall become null and void, unless second party shall pay to the said first party a yearly rental of Eighty ($80.00) Dollars, payable quarterly in advance for each quarter thereafter such commencement is delayed.

"It is expressly agreed that the payment of all moneys due under this lease may be made by cash or check, to M. E. Hassell, by deposit to her credit in the Mound Valley State Bank, of Mound Valley, Kansas. . . . Second party agrees to be responsible for all action that may be brought from former lease given 2-22-1913.

"It is further mutually agreed by and between said party of the first part and said party of the second part that the said party of the second part shall have the right to surrender this lease to said party of the first part at any time upon payment of One Dollar and that thereupon this lease shall cease and determine, and be and become absolutely null and void, and no longer binding upon either party."

On January 17, 1914, Bloom and Bowen brought this action against Rugh and his associates under the first lease, setting up their lease of August 13, 1913, and alleging:

"5. That on or about the —— day of November, 1913, the said defendants, conniving and acting together, did over the protest of these plaintiffs, and that of the said lessor, M. E. Hassell, without any right whatever so to do, wrongfully and forcibly enter upon said premises, and thereafter over the further protest of these plaintiffs, and in utter disregard of plaintiffs' rights, said defendants proceeded to and did drill a well upon said leasehold premises which produced, and ever since the completion thereof, to-wit on the —— day of November, 1913, has been producing natural gas in paying quantities, the exact volume of which plaintiffs are unable to state, but on information and belief avers that the same is two million cubic feet per day of twenty-four hours," etc.

Their petition prayed for a receiver, for ouster of the first lessee, for possession, accounting and damages.

Defendants' demurrer was overruled, whereupon they answered setting up their prior lease, asserting their full compliance therewith in all its terms and their reliance thereon. They prayed for the cancellation of the second lease, that their own title be quieted and that the second lessees be enjoined from interfering with the defendants' use and occupancy. The reply was a general denial.

The district court made findings of fact and conclusions of law and gave judgment for the plaintiffs who claimed under the second lease. The defendants who claim under the first lease appeal. The errors they assign are the rulings of the court on the demurrer to the petition and demurrer to the evidence and to the court's interpretation of the law relating to defendants' lease.

The briefs of both plaintiffs and defendants in this case show an unusual amount of legal lore, each tending to show that the lease of his opponent is invalid. Technical differences there may be between an oil and gas lease and the ordinary contract of lease between landlord and tenant, but we perceive no ground for abrogating the ordinary rule that a claimant to any interest in realty can not depend upon the weakness of his adversary's title but must rely on the strength of his own, and the other ancient rule, "first in time, first in right." As to the right of the lessee to terminate the lease upon payment of one dollar, the one contract is as bad as the other. This provision might be important in an action between the lessor and lessee. We do not discern its relevancy between rival lessees, both holding lease contracts which have this identical stipulation.

Governed by the precedents of this court, there appears to be no infirmity in defendants' lease. The land was leased for one year. The duration beyond a year need not be considered. A consideration was recited in the deed. The forfeiture clause did not provide that if a well were not commenced in ninety days the rent was to be paid in advance and that the first rental payment should be due in ninety days. "One dollar per acre per annum" were the words of the contract fixing the liability for delay. This language clearly indicated that the lease was to be of some considerable duration, and indicated the possibility of delay in commencing operations, and since the specific dates when the rates were payable were wanting

payments at reasonable intervals should be interpreted. (*Smith v. Steele*, 96 Kan. 106, 150 Pac. 519.) Moreover, the ninety days to commence a well expired May 22, 1913, and the lessor did nothing to assert her right of forfeiture for nearly three months thereafter, at which time she executed the second lease to plaintiffs binding them at the same time to shoulder the burden of overcoming the till then unforfeited rights of her first tenants. It is familiar law that a right of forfeiture must be promptly asserted or it is waived. Even the lessor's belated attempt to exercise the right of forfeiture by the granting of the second lease three months after the termination of the time to commence the well was not unequivocal but merely an assignment of that right to the second lessees, since their grant was subject to the condition:

"Second party agrees to be responsible for all action that may be brought from former lease given 2-22-1913."

Counsel for plaintiffs say:

"The appellants' lease is what is termed among the oil and gas fraternity an 'unless lease' in contradistinction to what is termed an 'or lease.'"

A nice distinction is sought to be made between the case at bar and that of *Rhodes v. Oil Co.*, 80 Kan. 762, 104 Pac. 851, which was an "or lease" contract. The cases decided by this court have not attached any importance to such subtleties of language, but have been determined upon their individual and substantial merits; and the later drift of the decisions shows a decided tendency to frown on forfeitures where the rights of the parties insisting thereon can otherwise be adequately protected. (*Edwards v. Gas Co.*, 65 Kan. 362, 367, 69 Pac. 350; *Monfort v. Lanyon*, 67 Kan. 310, 72 Pac. 784, *Rose v. Lanyon*, 68 Kan. 126, 74 Pac. 625; *Ringle v. Quigg*, 74 Kan. 581, 87 Pac. 724; *Brick Co. v. Bailey*, 76 Kan. 42, 90 Pac. 803; *Davis v. Gas Co.*, 78 Kan. 97, 96 Pac. 47; *Work v. Gas Co.*, 79 Kan. 118, 126, 98 Pac. 801; *Gas Co. v. Harris*, 79 Kan. 167, 100 Pac. 72; *Myers v. Shertzer*, 82 Kan. 275, 108 Pac. 105; *Howerton v. Gas Co.*, 82 Kan. 367, 108 Pac. 813; *Wheeland v. Gas Co.*, 82 Kan. 862, 109 Pac. 187; *Collins v. Oil & Gas Co.*, 85 Kan. 483, 118 Pac. 54; *Smith v. Steele*, 96 Kan. 106, 150 Pac. 519.)

38—98 KAN.

This case is much like *Smith v. Steele,* supra, and is easily distinguished from *O'Neill v. Risinger,* 77 Kan. 63, 93 Pac. 340, where the forfeiture was based upon a breach of the contract to pay the annual rent in *advance* if a well were not drilled within the agreed time.

It was not error to overrule the demurrer since the defendants' lease was not then before the court. Possibly the case might have been shortened by motions for judgment on the pleadings. Proceeding, however, to consideration of the evidence, as the trial court did, we think the defendants' lease was not void for uncertainty as to the time when the rent should be paid on failure to commence the well (*Smith v. Steele,* 96 Kan. 106, 150 Pac. 519), nor do we think the evidence of the lessor as to the oral agreement that she was to receive rent in ninety days if the well was not commenced was of sufficient consequence to warrant the adjudication of forfeiture since she did not act promptly to assert her right of forfeiture.

Long before the expiration of the definitely fixed term of the lease, one year, the well had been completed and the payments for the delay had been made. In such a situation the principles of equity should not be used to assist a purchaser of a mere debatable right of forfeiture. The judgment is reversed and the cause remanded with instructions to render judgment for defendants.