No. 23,119.

JAMES H. PRESTON, *Appellee*, v. THE TOWANDA OIL COMPANY et al. (HOMER E. HURSH and C. WAYNE HARVEY, *Appellants*).

### SYLLABUS BY THE COURT.

1. CANCELLATION OF OIL LEASE—*Evidence Supports Decree.* The record is examined and it is held that the evidence fully justified the decree of cancellation rendered by the trial court.

2. SAME—*No Adequate Remedy at Law—Sufficient Averments in Petition.* While the petition did not expressly allege that the plaintiff was without adequate remedy at law, such was a fair inference to be drawn from its averments and the proof was sufficient to sustain such allegation had it been made. *Held*, that the pleading was sufficient.

3. SAME. The old rule of equity pleading which required an allegation that the complainant was without adequate remedy at law is no longer controlling under our system of courts and of pleading.

Appeal from Franklin district court; CHARLES A. SMART, judge. Opinion filed April 9, 1921. Affirmed.

*F. M. Harris*, of Ottawa, *Charles W. German*, and *William S. Norris*, both of Kansas City, Mo., for the appellants; *D. J. Haff*, *E. C. Meservey*, and *W. C. Michaels*, all of Kansas City, Mo., of counsel.

*Wilbur S. Jenks*, of Ottawa, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendants appeal from a decree canceling an oil lease and urge that the evidence did not warrant such a decree, and also that it was not alleged or shown that the plaintiff was without remedy in due course of law. The suit was begun July 16, 1919, and the decree appealed from was

Preston v. Oil Co.

rendered July 7, 1920. The plaintiff leased a quarter section of land to the Towanda Oil Company on September 27, 1916. The lease recited payment of $500 and was to run as long as oil and gas could be procured on the land in paying quantities. If no well should be begun within two months all rights of the lease would cease, but it was further provided:

"Said second party shall have the right to continue this lease in force from year to year, until 2 wells are drilled thereon, by paying a rental of one dollar per day for said premises or any portion thereof."

It was alleged that the land was in proven oil territory and that the lease was executed to secure its full development for oil.

The Towanda Oil Company sold out to the defendants, Hursh and Harvey, who bring this appeal. After the case had run along until January 19, 1920, and considerable evidence had been taken, the trial court found and adjudged that the plaintiff was entitled to the relief demanded. But the court being of the opinion "that a strict forfeiture ought not to be decreed," ordered that the defendants have until March 15, 1920, to begin in good faith a development of the lease, and on failing to do so, that a judgment then be entered forfeiting and canceling such lease.

April 9, 1920, a motion was filed to set aside and cancel the lease, averring that the defendants had not in good faith complied with the judgment of the court, and on May 8, 1920, this motion came on for hearing, and after the introduction of the testimony the court remarked that while it would be justified in ordering cancellation, there was pretty good argument to justify giving further time, saying among other things:

"I wish I could bring about a full development of Mr. Preston's farm and not clean these men up so far as the money they have put in it is concerned. If I can reach a conclusion that will do that thing, I will be very happy. That was the object of the lease when it was made, to have it developed."

On May 17, it was ordered and decreed that the defendants be given until July 1, thereafter, to connect the lease in question with the pipe line, and the cause was retained for further orders. On the date last mentioned another motion was filed for cancellation setting up defendants' failure to comply in good faith with the alternative order. Then further testimony was taken and the trial court, showing much patience, com-

mented on it at considerable length, and upon suggestions of the defendants of certain matters they thought ought to be considered, said:

"The average man will die of old age before they get through with this red tape business. . . . Now last December this man was entitled to have his lease canceled. There have been two extensions because of some doubt as to whether an injustice might not be done these people. Now I think we have gone just as far as we can go, if not too far."

And after some further remarks made an order forfeiting and canceling the lease and quieting title in the plaintiff.

Motion for a new trial was filed, supported by affidavit to the effect that the defendants failed to go ahead with the project on account of certain matters over which they had no control. The motion was submitted without argument and overruled.

Complaint is made that the petition failed to state that there was no remedy at law; that the court refused to sustain the demurrer to the plaintiff's evidence; and erred in ordering cancellation.

Owing to the peculiar installment plan on which the case was tried and the unusual patience shown by the court, it is not deemed necessary to go over the evidence, as an examination of the record is compellingly convincing that the final decree was abundantly supported and justified, and its recital would unnecessarily cumber the record.

The petition did not expressly state that the plaintiff did not have an adequate remedy at law, but the testimony of the defendants as to their inability to raise money sufficiently showed this to be true, and the fact that the petition lacks a specific allegation as to this matter is not of sufficient importance to warrant a reversal. In *Howerton v. Gas Co.*, 82 Kan. 367, 108 Pac. 813, cited by the defendants, it was held that the burden of proof was upon the plaintiff to show the remedy in damages was not adequate for the failure of the lessee to proceed with other wells. This was cited with approval in *Wheeland v. Gas Co.*, 92 Kan. 50, 139 Pac. 1010. (See, also, *Bloom v. Rugh*, 98 Kan. 589, 593, 160 Pac. 1135.)

"An adequate remedy at law which will preclude proceedings in equity must be equally complete, efficient, practical and prompt with the remedy in equity." (*Mendenhall v. School District*, 76 Kan. 173, 177, 90 Pac. 773. See 10 R. C. L., pp. 275, 276, §§ 17-19.)

Preston v. Oil Co.

Under the old rules of equity pleading the general jurisdiction clause contained the allegation that the things complained of were contrary to equity and that the plaintiff had no adequate remedy without assistance from a court of equity. In 10 R. C. L., 420, § 179, it is said that this clause is wholly superfluous, that the facts must speak for themselves and the general jurisdiction clause will not confer general jurisdiction where the case made in the bill is not one of equitable cognizance.

The petition in this case alleged that the lease was executed to secure the full development of the land for oil, and that the grantee and its successors had failed to comply with the purpose of the lease and the defendants were not making any effort to develop it, but were holding it for speculative purposes only. The plaintiff asked for cancellation and for damages. It would seem self-evident that under the circumstances thus set forth mere damages could not well form the only object for which the plaintiff could seek relief from the courts of this state which are alike courts of law and courts of equity. The plaintiff owning this land had a right to use and dispose of it as he saw fit except in so far as he had precluded himself by the terms of this lease, and as long as the condition of inactivity on the part of the defendants continued he was practically helpless.

We think the facts set forth in the petition sufficient to meet the requirements of the old equity rule that there must be an absence of an adequate remedy at law, and that the proof made a sufficient showing to entitle the plaintiff to the relief decreed by the trial court.

What is called concurrent jurisdiction of law and equity is recognized by numerous authorities, wherein the party may proceed either at law or in equity. (21 C. J. 40.) But these distinctly smack of mint and anise and cumin. Under our system of jurisprudence we have one district court of general jurisdiction. Not only is it a court of what might be called concurrent jurisdiction of law and equity, but the distinction between the two have been legislatively abolished and the plaintiff has been exhorted, contrary to antique rules found in ancient works on pleading, simply to state in concise manner without repetition the reasons why he thinks the defend-

ant should be required to do what he demands. Such a thing as shifting from the law side of the court to the equity side has become, in our practice, a matter of ancient history. Good sense has prevailed over form and mystery, and results, rather than ceremonious observances are the objects sought.

The decree of the trial court is well within the rules now in force, is abundantly justified by the showing made, and it is affirmed.