KYLE and Another *v.* FROST.

SUIT TO SUBJECT LANDS.—EQUITY.—The rule in equity was that relief
would not be granted, unless it was shown that there was no adequate
relief at law, and this rule has not been changed by the code.

SAME.—In a suit to subject lands to the satisfaction of a judgment, it must
be shown that satisfaction cannot be obtained by the ordinary process of
execution.

HUSBAND AND WIFE.—WITNESS.—A husband cannot be required to testify
against the wife.

APPEAL from the *Jennings* Circuit Court.

FRAZER, J.—The suit was brought by the appellee to sub-
ject to execution certain real estate held by the appellant
*Louisa Kyle*, to satisfy a judgment held by the plaintiff
against *James W. Kyle*, the husband of *Louisa*, and *Carbon
Byfield* and *James A. Hambleton*, which had been subse-
quently revived against *Kyle* and *Byfield*. It appeared by
the complaint that an execution had been issued upon the
judgment, and that it had been returned by the sheriff with
a return which, at most, can be regarded to the effect that
no property of *Kyle* was found subject to execution. There
was no averment showing that either *Byfield* or *Hambleton*
were insolvent, nor any other reason why the judgment
could not be made out of them by ordinary process of exe-
cution, except that *Byfield* had no property in the county.
A demurrer to the complaint was overruled. We are com-
pelled to decide the case without any argument for the
appellee.

We suppose the suit would formerly have been one in
equity. The bill would not lie unless it appeared by its
allegations that there was not at law a plain, adequate and
complete remedy by which the judgment could be made.
Equity would not in such cases entertain the suit, unless its
aid was shown to be needed, and the code has not changed
this rule. The complaint was therefore bad, it seems to us,
and the demurrer to it should have been sustained.

The husband was, over the wife's objection, compelled to testify against her. We know not how this can be sustained, consistently with our statute upon the subject.

The judgment is reversed, with costs, and the cause remanded, with directions to sustain the demurrer.

C. E. Walker and A. D. Bassett, for appellants.