Ploughe *v.* Boyer *et al.*

---

## PLOUGHE *v.* BOYER ET AL.

INJUNCTION.—*Pleading.*—A complaint for an injunction which fails to allege that the defendant is doing, threatening, or about to do, the things asked to be enjoined, is bad on demurrer.

APPEAL from the Clinton Common Pleas.

PETTIT, J.—This suit was brought by appellees against appellant, and the entire complaint is here set out.

"Samuel Boyer, William Price, James W. Evans, Sarah Alexander, Harden Stepp, George Harvey, and John Alexander, complain of Madison Ploughe, and say that heretofore, to wit, at the March term, 1870, of the Board of Commissioners of Clinton county, Indiana, said defendant filed his application to assess benefits on the following proposed ditch, described as follows, to wit: beginning at the

north-west corner of the south-east quarter of the south-west quarter of section twenty-five, township twenty-one, north of range two east, in Clinton county, Indiana, running thence north about one hundred rods, thence in a south-westerly direction about ninety-two rods, to intersect a ditch now made, on the application of Nehemiah Jackson, near the north-east corner of the north-east quarter of the south-east quarter of said section twenty-six; and to clean out said ditch from this point to its terminus on the north-west quarter of said section twenty-six; said new ditch to be thirty-six inches deep at the point of commencement and two feet deep at the old ditch, with such depth throughout as will fall at the rate of sixty-four inches per mile, one foot wide at the bottom and five feet wide at the top, the old ditch to be cleaned out to its original depth and graded four feet five inches per mile; the new ditch is about one hundred and ninety-two rods in length, the old about three hundred and fifty rods. Now plaintiffs say under oath that the ditch described as aforesaid, constructed on the route above described will be of great and irreparable damage to all of said plaintiffs, in this, to wit, that defendant, by digging the new ditch above described, diverts a large stream of water from its natural channel and causes it to flow into the old ditch above described; that the volume of water will be so increased in the old ditch by reason thereof, that the old ditch will not afford sufficient outlet for *said water*, but will cause it to back upon the lands of said plaintiffs; that the terminus of said ditch will be in the Indian Prairie and can furnish no outlet whatever; that it has been ascertained by actual measurement and levelling by a competent person that no outlet can be had on the route described; that defendant's ditch will absolutely destroy the old ditch now constructed, which is of sufficient capacity to drain plaintiffs' land, and will be of great and irreparable damage to said plaintiffs; that if said new ditch is constructed it will increase the volume of water as aforesaid and destroy the only outlet that plaintiffs now have.

Ploughe *v.* Boyer *et al.*

"Plaintiffs further say under oath, that said old ditch cannot be, by widening or increasing its depth, or in any manner whatever can it be, constructed to give an outlet sufficient to convey off said water; wherefore plaintiffs pray that the defendant be perpetually enjoined from the construction of said ditch on the route above described, and that they have such other and further relief that in law and equity they are entitled to."

To this complaint a demurrer for want of sufficient facts was filed and overruled, and exception taken; and this ruling is assigned for error. The appellees have not favored us with a brief, or attempted to show that the complaint is sufficient; but the appellant has filed a brief, in which we think he has shown that it is clearly bad or insufficient.

If the complaint shows or means anything, it is that the proceedings complained of, to open and construct a ditch, were commenced under the act of March 11th, 1867. 3 Ind. Stat. 228. This suit was brought to enjoin the construction of a drain under that statute. Was the complaint sufficient? The complaint says that the defendant, at the March term, 1870, of the board of commissioners, filed his application to assess benefits on a ditch. It does not say that it was to assess benefits and damages on lands to be affected by the construction of a ditch. The complaint does not allege that the defendant was doing, threatening, or was about to do the things asked or prayed to be enjoined. For these reasons the complaint was clearly bad. But it is insufficient for a more conclusive reason. The statute above referred to provides ample legal remedy by an appeal from the assessment of benefits or damages, and by a suit for damages for overflow of lands, if the lands of plaintiffs were subject to assessment. There is no question better settled in jurisprudence, than that where a party has a clear and adequate remedy at law, he cannot invoke the extraordinary power of injunction. *The White Water Valley Canal Co.* v. *Comegys,* 2 Ind. 469; 6 Ind. 223; Willard Eq. Juris. 357; 23 Ind.

122; 19 Ind. 192; 8 Blackf. 377; 29 Ind. 245; 2 Ind. 536; 10 Ind. 117.

The judgment is reversed, at the costs of the appellees.

*H. Y. Morrison* and *T. H. Palmer*, for appellant.

*L. McClurg* and *J. Claybaugh*, for appellees.

