Hartman v. The Cincinnati, Indianapolis, St. Louis and Chicago R. R. Co.

No. 375.

HARTMAN v. THE CINCINNATI, INDIANAPOLIS, ST. LOUIS AND CHICAGO RAILROAD COMPANY.

EVIDENCE.—*Demurrer to.— What it Concedes.*—In an action against a railroad company for delivering property to a person other than the consignee, a demurrer to the evidence should have been overruled when the evidence tended to show that the plaintiff was the owner of the property set out in the complaint and specified in the bill of lading and delivered to the defendant; that the property was, without any authority from the plaintiff, turned over by the defendant to one who was not the designated consignee and converted by him to his own use, and that he was insolvent; and that the property was of a certain value. A demurrer to evidence concedes the truth of all the facts which the evidence demurred to tends to prove and all such inferences as can reasonably be drawn therefrom, and if there is evidence favorable to the party demurring, the court can not consider it when it is in conflict with that against him.

SAME.—*Demurrer to.--Defects in Pleadings.*—Defects in pleadings can not be taken advantage of to support the ruling on a demurrer to the evidence.

From the Bartholomew Circuit Court.

*J. W. Morgan,* for appellant.

*J. T. Dye,* for appellee.

ROBINSON, C. J.—The appellant commenced this action against the appellee. The complaint, after alleging that the appellee was a corporation, owning and operating a line of railway from the city of Columbus, in said county of Bartholomew and State of Indiana, to the city of Indianapolis, Indiana, for the purpose of carrying freight for hire, and that appellant was engaged in said city of Columbus in buying and shipping eggs, chickens and other poultry from said city of Columbus to the city of New York, alleged, in substance, that, on the 25th day of January, 1889, the appellee entered into an agreement with the appellant to carry from said city of Columbus to the city of New York the poultry therein named, of the value of $150; that said poultry was

received from the appellant by the appellee's agent, at appellee's depot in said city of Columbus, and was by appellant consigned to Z. Hawk & Son, New York, in the care of R. S. Fitzpatrick, Indianapolis, Indiana; that appellant prepaid the freight thereon, and a bill of lading was at the time of the shipment of said poultry executed by the appellee to the appellant, and was filed with and made a part of the complaint; that the appellee carried said poultry to the city of Indianapolis, and without any right or authority from the appellant, wrongfully delivered said poultry to John E. Sullivan, of Indianapolis, Indiana; that said Sullivan converted said poultry to his own use and benefit; that when said poultry was delivered to said Sullivan, and when this action was commenced, said Sullivan was wholly and notoriously insolvent; that by reason of the neglect and wrong of the appellee, appellant was damaged, etc.

Appellee filed a demurrer to the complaint, which was overruled, and exception saved.

The appellee then filed an answer, which was a general denial.

The cause was submitted to a jury for trial. At the close of the appellant's evidence, appellee interposed a demurrer to the evidence. Time was given to prepare the demurrer, and by agreement of parties the jury assessed provisionally appellant's damages, and returned a verdict in appellant's favor of $108.65. After the return of the verdict appellant filed a motion in writing for leave to amend the complaint, so as to show that the appellant was the owner of the poultry, and that the consignee, R. S. Fitzpatrick, had no interest therein, and that A. G. Hawk & Son were poultry commission men in the city of New York.

The appellee then offered to submit the demurrer to the evidence, but the appellant insisted upon the motion for leave to amend the complaint, so as to make it conform to the evidence. The appellee then filed written reasons and notification to the court to reject the motion to amend the com-

plaint, which motion was sustained, and the motion for leave to amend overruled. Thereupon the demurrer to the evidence was submitted and sustained.

The appellant then filed a motion for a new trial, which was overruled, and judgment was rendered in favor of the appellee upon the demurrer. Appellant excepted to the several rulings of the court, as above shown.

Under the assignment of errors counsel for appellant presses for our consideration the alleged error of the court in sustaining the demurrer to the evidence, and in sustaining the motion to reject the motion for leave to amend the complaint, and in overruling the motion for leave to amend the complaint.

Before considering the assignment of error which presents the alleged error of the court in sustaining the demurrer to the evidence, it is proper to say that counsel for the appellee does not discuss this branch of the case, or make any claim whatever as to the insufficiency of the evidence, but places the entire argument upon the ground that the court committed no error in refusing to grant leave to the appellant to amend the complaint. In looking into the record it does not appear for the purposes of the questions before us that the ruling of the court on the motion for leave to amend the complaint was of material importance, but it seems that the case should be determined upon the alleged error of the court in sustaining the demurrer to the evidence. The vital question in the case, as presented by the record, turns upon the holding of the circuit court upon the demurrer. There are many decided cases in this State defining the rule of law applicable to a demurrer to the evidence, and from those cases the law is clearly settled that "a demurrer to evidence concedes the truth of all the facts which the evidence demurred to tends to prove and all such inferences as can reasonably be drawn therefrom, and if there is evidence favorable to the party demurring, the court can not consider it when it is in conflict with that against him." *Stockwell* v.

Hartman *v.* The Cincinnati, Indianapolis, St. Louis and Chicago R. R. Co.

*State, ex rel.,* 101 Ind. 1; *Palmer* v. *Chicago, etc., R. R. Co.,* 112 Ind. 250; *Hartford City, etc., Co.* v. *Love,* 125 Ind. 275; *McLean* v. *Equitable, etc., Society,* 100 Ind. 127.

Under the rule of law above stated it clearly appears from the evidence that the demurrer to the evidence should have been overruled.

The evidence tended to show that the appellant was the owner of the property set out in the complaint and specified in the bill of lading, and that it was delivered to the appellee; that the property was, without any authority from the appellant, turned over by the appellee to Sullivan and by him converted to his own use, and that he was insolvent; that the appellant was the owner of the property, and that neither Hawk & Son nor Fitzpatrick had any interest therein, and that it was of the value of $108.65.

We are unable to ascertain from the record upon what ground the court sustained the demurrer to the evidence. It is stated in the brief of counsel for the appellant that the court so ruled because the complaint was defective in not alleging that the appellant was the owner of the property, and this statement is not controverted by counsel for the appellee. The question then is, can defects in the pleadings be taken advantage of to support the ruling on a demurrer to the evidence? In the case before us the theory of the complaint was that the appellant owned the property, and the trial seems to have proceeded upon that theory, although the complaint failed to allege in direct terms that the appellant was the owner of the property.

Could the court, therefore, in its ruling upon the demurrer to the evidence, take into consideration, in ruling on the demurrer, the defect in the complaint? The law is that where a demurrer to a complaint has been overruled, and a demurrer to the plaintiff's evidence has been filed, in considering the demurrer to the evidence, defects in the pleadings can not be taken into consideration, but by demurring to

the evidence, objections to the pleadings are not thereby waived, but the demurrer does waive all objections to the admissibility of the evidence. *Lindley* v. *Kelley*, 42 Ind. 294; *Bish* v. *Van Cannon*, 94 Ind. 263, and other cases above cited.

Had the demurrer been overruled to the evidence there is no doubt that the sufficiency of the complaint could have been tested by a motion in arrest of judgment, but, without deciding anything as to the question, it would seem that, on appeal,appellee could attack the complaint by a proper assignment of cross-errors, but this has not been done.

Therefore, as the record now stands, the cause must be reversed, and is reversed, with instructions to overrule the demurrer to the evidence, and for further proceedings in accordance with this opinion, at appellee's costs.

