The Evansville and Terre Haute Railroad Company *v.* Claspell.

No. 1,080.

## The Evansville and Terre Haute Railroad Company *v.* Claspell.

DEMURRER TO EVIDENCE.—*Effect of.*—Where a party demurs to evidence, he admits the truthfulness of all the evidence favorable to his adversary, together with all the inferences which might be reasonably drawn therefrom by the jury, and the demurring party withdraws from the jury all evidence adduced by him, and, so far as there is any conflict in the evidence of the opposing party, that which is favorable to the demurring party must be disregarded.

From the Gibson Circuit Court.

*J. E. Iglehart, E. Taylor* and *J. H. Miller,* for appellant.

*M. W. Field,* for appellee.

GAVIN, J.—This appeal is from a judgment recovered by appellee for damages on account of the death of his minor son while in appellant's employ.

The sole question argued in this court arises upon the demurrer to the evidence, which was overruled by the court. Appellant's contention is that its demurrer should have been sustained by reason of the failure to prove the employment.

The principles which should govern the court in passing upon the demurrer to the evidence are well settled.

By demurring to the evidence, the appellant admitted the truth of all the evidence favorable to appellee, together with all the inferences which might be reasonably drawn therefrom by the jury; and further, by demurring, the appellant withdrew from the jury all evidence · adduced by it, and so far as there was any conflict in the evidence of the appellee, that which was favorable to appellant must be disregarded. *Leavitt* v. *Terre Haute, etc., R. R. Co.,* 5 Ind. App. 513; *Hartman* v. *Cincin-*

*nati, etc., R. R. Co.*, 4 Ind. App. 372; *Lake Shore, etc., R. W. Co.* v. *Foster*, 104 Ind. 293; *Palmer* v. *Chicago, etc., R. R. Co.*, 112 Ind. 250, and cases there cited.

The evidence in this case shows, that appellant was running, ordinarily, two trains per day over a branch road of about forty miles in length; that appellee's son had been working on one of the trains for five or six days before his death, doing such work as a brakeman ordinarily does, helping load and unload freight, setting brakes and switches, etc.; that when the accident occurred he was engaged in carrying out a command of the conductor with reference to the train work; that before the accident appellant's superintendent sent to the conductor of the train on which the deceased was working, and the only regular conductor on this branch road, a message, saying: "As soon as we get a good brakeman to fill Claspell's place, send him to Evansville, and I will put him on the local, and notify him to this effect."

The proposition to find a substitute for Claspell, who was employed on this branch road, had been under consideration for thirty days before this letter was written. The conductor of the train had employed a number of men at different times as brakemen on his train, and the company had recognized them as employes.

The conductor testifies: "One time he (deceased) kicked to me and said, 'I am going on twenty-two years, and I want to learn, and I want to get a job as brakeman,' and I told him I couldn't take him. He came around there every morning, and kept begging me; he said he had nothing to do. I said all right, if he would get on there and learn, and be careful, I would take him. He went out with me regular for six trips, I think."

These are some of the facts proved favorable to appellee's claim. From them, we are of opinion that the jury might fairly and reasonably infer that the company was

seeking a substitute for Claspell; that the conductor employed the deceased with that in view, and that the employment was within the scope of his apparent authority, and the company was bound thereby. *Louisville, etc., R. W. Co.* v. *Willis,* 83 Ky. 57; *Wachter* v. *Phœnix Ass. Co.,* 132 Pa. St. 428; *Cincinnati, etc., R. R. Co.* v. *Carper,* 112 Ind. 27; *Commercial, etc., Ass. Co.* v. *State, ex rel.,* 113 Ind. 331; *Kerlin* v. *National, etc., Acc. Assn.,* 8 Ind. App. 628, 35 N. E. Rep. 39.

Judgment affirmed.

Ross, J., absent.

