## INGRAM *v.* THOMAS.

[No. 3,152.   Filed May 8, 1900.]

TRIAL.—*Demurrer to Evidence.*—By the demurrer to the evidence, all the facts which the evidence tends to prove, or of which there is any evidence, however slight, and all the inferences which can be logically drawn from the evidence are admitted.   *p. 571.*

TRESPASS —*Conversion of Rents.—Demurrer to Evidence.*—In an action in trespass to recover damages for the conversion of rents, a demurrer to the evidence is properly sustained, where the evidence shows that defendant had been in possession of the real estate continuously during the period of plaintiff's ownership, and prior thereto, under an agreement with plaintiff's grantor, and that such occupation was with the knowledge, and without any entry or demand of possession on the part of plaintiff.   *pp. 570, 571.*

From the La Porte Circuit Court.   *Affirmed.*

*E. E. Weir, M. H. Weir* and *L. Darrow,* for appellant.
*J. H. Bradley,* for appellee.

COMSTOCK, J.—The complaint in this action, omitting the formal parts, is as follows: "The plaintiff is, and has been since March, 1893, the owner in fee simple and entitled to the possession of the following described real estate [describing eight acres of land in La Porte county]; that the plaintiff has been entitled to the rents and profits of said real estate since the 4th day of March, 1893, and the defendant, without right, has unlawfully converted to her own use and benefit, without the consent of this plaintiff, the rents and profits of said real estate since the 4th day of March, 1893, up to the 4th day of October, 1897; that the rents and profits are reasonably worth $400. Wherefore," etc.   The defendant answered by general denial.   The cause was submitted to a jury, and, after plaintiff had introduced his evidence, the defendant, who introduced no evidence, demurred thereto.   The court sustained the demurrer.   This action of the trial court is the only question presented for our decision.

The facts, as disclosed by the evidence, except as to the rental value of the land, are as follows: On the 16th day of October, 1885, appellee was the owner and in possession of the eight acre tract of land described in the complaint. At that date she and her husband conveyed the land to her mother, Sarah Ingram. On the 4th of March, 1893, Sarah Ingram conveyed the land to the appellant, brother of appellee. After the conveyance, appellee continued in possession under a parol agreement with her mother, by the terms of which this appellee was to farm the land, and pay the taxes upon the same. At the time appellant purchased the land from his mother, he knew that appellee was occupying it. He never leased the land to appellee, nor demanded of her any rent. She continued to occupy and farm the land, under the agreement with her mother, until the commencement of this suit. Before the commencement of this action, counsel for appellant demanded of appellee damages for the detention of the property.

By the demurrer to the evidence all the facts which the evidence tends to prove, or of which there is any evidence, however slight, and all the inferences which can be logically drawn from the evidence are admitted. *Tennessee Coal, etc., Co.* v. *Sargent,* 2 Ind. App. 458; *Hartman* v. *Cincinnati, etc., R. Co.,* 4 Ind. App. 370; *Leavitt* v. *Terre Haute, etc., Co.,* 5 Ind. App. 513.

The complaint states an action in trespass to recover for the conversion of the rents of said real estate. It is not an action for use and occupation. Appellant could recover only upon the cause of action stated. Appellee was in possession of the property as tenant of her mother when it was conveyed to appellant. After the purchase by appellant she continued in its occupancy until the commencement of this suit, with the knowledge of appellant, without any entry or demand for possession or for rent. She was in possession with the knowledge of, and impliedly with the consent of, appellant. She was not wrongfully in pos-

session and not wrongfully applying the rents to her own use. The evidence did not, therefore, sustain the complaint.

Judgment affirmed.