## GEISER MANUFACTURING COMPANY *v.* LEE ET AL.

[No. 4,305. Filed March 13, 1903. Rehearing denied May 26, 1903. Transfer denied April 7, 1904.]

TRIAL.—*Demurrer to Evidence.*—A demurrer to the evidence admits all facts which the evidence tends to prove, and all such inferences as can reasonably be drawn therefrom, and prevents the demurring party from insisting upon the benefit of any evidence in his favor. *p. 40.*

BILLS AND NOTES.—*Joint Notes.—Fraudulent Conveyances.*—To entitle the holder of joint and several notes to a judgment setting aside a fraudulent conveyance of real estate by one of the makers, in a joint action on the notes, he must show that the other co-obligors are insolvent. *pp. 40–42.*

From Clay Circuit Court; *P. O. Colliver,* Judge.

Action by the Geiser Manufacturing Company against Fred Lee and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*J. G. McNutt, F. A. McNutt, G. A. Knight* and *E. F. Williams,* for appellant.

*S. D. Coffey, S. M. McGregor* and *S. R. Hamill,* for appellees.

WILEY, J.—Appellees, Lee, Hardin, and Sylvester St. Clair, purchased from appellant a sawmill and machinery for which they gave their joint and several notes. There were five of these notes, all dated March 10, 1891, maturing, respectively, June 1, and September 1, 1891, January 1, May 1, and September 1, 1892. The makers defaulted in the payment of these notes, and an action was commenced October 27, 1894, to force collection. Between

the date of the execution of the notes and after the maturing of the first note and a short time before the maturity of the second note, Sylvester St. Clair, his wife joining, conveyed to his son, Lucien St. Clair, a farm in Vigo county, Indiana, for an expressed consideration of $5,020. This deed was executed August 7, 1891, and was filed for record August 11. October 20, 1892, Lucien St. Clair, his wife joining, conveyed a one-half interest in fee simple to Lillie St. Clair, wife of Sylvester, and the other undivided one-half to his (the grantor's) heirs. The deed contained a clause that the grantee was to have the rents and profits of all the real estate conveyed during the life of her husband, and then the title in the undivided half should vest in Lucien's heirs. In connection with the action on the notes, the appellant also prosecuted a suit in equity to set aside these two conveyances as fraudulent, and subject the real estate to the payment of its debt. Before the suit was commenced Lucien died, and the wife of Sylvester and the wife and children of Lucien were made parties. Issues were joined and the cause submitted to the court for trial. Appellant introduced its evidence, and the appellees, Lillie St. Clair, wife of Sylvester, Josephine St. Clair, wife of Lucien, and Lucy and Wayne St. Clair, children of Lucien, demurred to the evidence on the ground that it was not sufficient for the appellant to maintain the action against them or either of them. Appellant joined in the demurrer on the ground that the evidence was sufficient in law to maintain the action against the demurrants. The court sustained the demurrer, and rendered personal judgment against the makers of the notes for amounts then due.

The ruling of the court in sustaining the demurrer to the evidence is the only question presented for decision. It is urged on the part of the appellees that the ruling of the court was correct, for the reason that when the real estate was conveyed to Lucien, and by him to his mother, Sylvester St. Clair was solvent and had sufficient property

with which to pay his debts, and also that there was no evidence showing that appellees, Lee and Hardin, who were jointly and severally liable with Sylvester St. Clair, were at any time insolvent. The demurrer to the evidence admits all facts which the evidence tends to prove and all such inferences as can reasonably be drawn therefrom, and prevents the demurring party from insisting upon the benefit of any evidence in his favor. *Scheerer* v. *Chicago, etc., R. Co.,* 12 Ind. App. 157; *Shearer* v. *Peale & Co.,* 9 Ind. App. 282; *Evansville, etc., R. Co.* v. *Claspell,* 8 Ind. App. 685; *Chicago, etc., R. Co.* v. *Williams,* 131 Ind. 30; *Milburn* v. *Phillips,* 136 Ind. 680; *Thomas* v. *Hoosier Stone Co.,* 140 Ind. 518; *Bonebrake* v. *Board, etc.,* 141 Ind. 62. Measured by the rule thus declared, the evidence is strong and persuasive that Sylvester St. Clair conveyed his real estate to his son for the express purpose of avoiding the payment of the debt for which appellant sued, and that the son knew at the time his father's intention.

The evidence is also convincing that Sylvester was insolvent when he made the conveyance, and remained insolvent to the time suit was commenced. Also that the conveyance to the son, and from the son to Sylvester's wife, was without any consideration whatever. These facts being true, the demurrer to the evidence should have been overruled if Sylvester St. Clair had been the sole debtor. But the action was upon a series of joint and several notes, upon which Sylvester St. Clair, Lee, and Hardin were obligors. Each was personally liable for the entire indebtedness, and all were jointly liable. Appellant selected its remedy by prosecuting a joint action against all of them. It might have sued one of them separately, but it did not.

It is a rule, to which there are no exceptions, that where there is an adequate remedy at law equity will not interfere, and that extraordinary remedies can not be invoked. *Duffy* v. *State, ex rel.,* 115 Ind. 351; *Kyle* v. *Frost,* 29 Ind. 382; *Boragree* v. *Cronkhite,* 33 Ind. 192; *Ploughe* v.

*Boyer,* 38 Ind. 113; *Schwab* v. *City of Madison,* 49 Ind. 329.

There is no averment in the complaint that Lee and Hardin, co-obligors with Sylvester St. Clair, were insolvent. There is no presumption of insolvency, and if they were solvent and able to pay appellant's debt, for which it sues, then its interests and rights were not jeopardized by the conveyances which it seeks to set aside as fraudulent. So far as it appears from the complaint and the evidence, appellant has an adequate and complete remedy at law to collect its judgment by execution. As a legal remedy exists against a part of the joint debtors, equity will not extend its relief as to another of such debtors. This is an elemental principle. This exact question was decided adversely to appellant's contention in the case of *Eller* v. *Lacy,* 137 Ind. 436. The following cases are, also, in point: *Wales* v. *Lawrence,* 36 N. J. Eq. 207; *Randolph* v. *Daly,* 16 N. J. Eq. 313.

In *Wales* v. *Lawrence, supra,* it was said: "They [appellants] are restricted to their remedy at law until that means of getting their money has been exhausted. And what is their remedy at law? To enforce the payment of their judgment by legal process. If they can get their money by that means, they do not need the help of equity, and equity can only aid them, in such cases, because its aid is necessary. The complainants can not issue an execution against one, or less than the whole number against whom they have judgment. The law will not allow them to split up their remedy, by issuing an execution, first against one defendant, and then against another; they have no such remedy at law, but they must proceed against all, and until they have exhausted, against all, the means which the law provides, they are not in a condition to require the aid of a court of equity against any one of the defendants, and can not have it."

The complaint is not good as against those who demurred to the evidence, but as defects in the pleading can not be considered upon a demurrer to the evidence, and as sustaining such demurrer works a final disposition of the case, the record, under the rule announced, does not present any reversible error. See, *Milburn* v. *Phillips,* 138 Ind. 680; *Shearer* v. *Peale & Co.,* 9 Ind. App. 282; *Hartman* v. *Cincinnati, etc., R. Co.,* 4 Ind. App. 370.

Judgment affirmed.