## SPURGEON ET AL. v. OLINGER.

[No. 9,173.    Filed March 30, 1917.]

1. FRAUDULENT CONVEYANCES. — Secret Trust. — Validity as Against Innocent Purchaser.—A trust agreement made between father and daughter under which she agreed to invest her father's money in realty, the legal title to be taken in her name and to be held in trust for the father, is invalid as against a good-faith purchaser for value without notice, so that to enforce a lien for the money that entered into the purchase of such land under the trust agreement it is necessary,

as against such a purchaser, to allege and prove his knowledge of the agreement. p. 181.

2. APPEAL.— *Questions Presented.—— Complaint.— Demurrer.— Scope of Review.*—The court on appeal will review only such objections to the sufficiency of the complaint as were presented to the trial court by the memorandum accompanying the demurrer. p. 182.

3. APPEAL.—*Review.—Demurrer.—Memorandum.—Objections to Complaint.—Sufficiency.*—Where, in a father's action against his son-in-law to recover property purchased by plaintiff's daughter, who was defendant's wife, with her father's money under an agreement that she should hold the legal title in her name in trust for him, the complaint set out the trust agreement and alleged that the daughter violated the trust by using the money instrusted to her to buy land in the name of herself and husband jointly, objections contained in the memorandum filed with the demurrer to the complaint, as required by §344, cl. 6, Burns 1914, Acts 1911 p. 415, that the complaint showed on its face that plaintiff intrusted his money to his daughter to invest for him in her own name, but that it was not shown that any one other than herself violated the trust, and there was no cause of action stated against defendant, and that the complaint showed that the daughter, in violation of a trust, used the money intrusted to her in part purchase of realty in the name of herself and husband and did not show any other violation of the trust, are not sufficient to present for review on appeal any question as to the failure of the complaint to allege that defendant was not a purchaser for valuable consideration or that he purchased with knowledge of the trust agreement. p. 182.

4. APPEAL.—*Review.—Harmless Error.—Overruling Demurrer. —Amendments Deemed Made.*—Where, in an action to enforce a trust on land, the parties and the court regarded as important and necessary the allegation and proof that defendant had knowledge of a trust agreement between plaintiff and defendant's deceased wife and certain evidence in relation thereto was heard and admitted without objection on the ground of the absence of such an averment from the complaint, the court on appeal will treat the complaint as amended in such respect, so that error, if any, in overruling a demurrer predicated on the omission of the averment was harmless. p. 185.

5. WITNESSES. — *Competency. — Transactions with Decedent. — Statute.*—Where a father intrusted money to a daughter under an agreement that she would purchase land in her name to be held in trust for him, but she used the money to buy realty

which was taken jointly in the name of herself and husband, the father's testimony, in his action against the son-in-law to enforce a trust on the land instituted, subsequent to the daughter's death, as to transactions with the daughter was not incompetent under §521 Burns 1914, §498 R. S. 1881, providing that in suits in which an executor or administrator is a party, involving matters which occurred during the decedent's lifetime, where a judgment or allowance may be made or rendered for or against the estate represented, any person, a necessary party, whose interest is adverse to the estate, shall not be a competent witness as to such matters against the estate; nor was such testimony inadmissible under §522 Burns 1914, §499 R. S. 1881, providing that in all suits by or against heirs or devisees founded on a contract with or against the ancestor to obtain title to, or possession of, property, or to affect the same in any manner, neither party shall be a competent witness as to any matter which occurred prior to the death of the ancestor, since the action could in no way affect any property, real or personal, of the daughter. p. 185.

6. APPEAL.—*Questions Reviewable.—Error in Judgment.—Failure to Move for Modification or Correction.*—In an action to enforce a trust on land, where a personal judgment over was rendered against defendant, he cannot on appeal present for review any question as to error in the rendition of such judgment in the absence of a motion to modify or correct, even though the judgment was unauthorized by the issues and the evidence. p. 189.

7. TRIAL.—*Evidence.—Admission.—Agreement to Show Materiality.*—Where, in an action to enforce a trust on land, defendant objected to the introduction in evidence of a letter on the ground that it was not shown that it had any connection whatever with the money for which the suit was filed, the admission of the letter, after a statement by plaintiff's counsel that they had a witness present to testify and that it was agreed by the parties that if she could testify the letter would be competent, was not reversible error, even though its materiality was not subsequently shown. p. 190.

8. TRIAL.—*Motion to Strike Out Evidence.—Making Prematurely.*—Where a letter was admitted in evidence over the objection by defendant that it was not shown to have any connection with the money for which suit was filed, on the condition that its materiality would subsequently be shown, the trial court properly overruled a motion to strike out made before plaintiff had been given opportunity to meet the only objection to the evidence in accordance with the condition which the court placed upon its final acceptance. p. 190.

From Howard Circuit Court; *Lex J. Kirkpatrick,* Judge.

Action by David Olinger against William N. Spurgeon and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*D. P. Long* and *Blacklidge, Wolf & Barnes,* for appellants.

*B. F. Harness* and *B. C. Moon,* for appellee.

HOTTEL, J.—This is an appeal from a judgment in appellee's favor, based upon the second of three paragraphs of complaint filed by him in the trial court. The material averments of said second paragraph are, in substance, as follows: Prior to October, 1907, appellee was the owner of a 27½-acre farm in Tipton county and, being then old and feeble and unable to farm, sold said farm for $2,300. Maude Spurgeon, a deceased daughter of appellee, was then living and was the wife of appellant. It was then agreed between appellee and his daughter, Maude, that she should receive said $2,300, the same to be "invested by her in real estate in Howard county, Indiana, the legal title thereto to be taken in the name of  *  *  *  Maude  *  *  * and to be held in trust for plaintiff." Said agreement was without fraudulent intent on the part of either appellee or his daughter. Pursuant thereto, appellee turned over and delivered to his daughter $2,300 for the purpose of having the same invested in real estate as above alleged, which sum was thereafter, on October 28, 1907, invested in real estate in Howard county. (Here follows description of 76.75 acres.) Without the knowledge or consent of appellee, the deed for said real estate purchased by the daughter and appellant, her husband, was taken in their joint names and thus remained until December 12, 1912, when Maude died,

leaving appellant as her survivor. Averments follow, showing a conveyance by Maude and her husband of a part of said tract, leaving in their joint names at Maude's death fifty-two acres, upon which a mortgage had been given to the defendant, the Kokomo Trust Company, for $2,035; and the court is asked to require such company, in case its mortgage is found to be superior and paramount to the claim of appellee in said real estate, to first exhaust appellant's interest in said land before going to the interest of appellee to satisfy said mortgage. Appellee also asks to have a lien declared upon said real estate for the $2,300 of his money invested therein and interest thereon from October 28, 1907, etc.

The averments of the first paragraph are substantially the same as those of the second, except that it is alleged in the first paragraph that appellee and appellant were the owners in fee simple as tenants in common of said fifty-two-acre tract, appellee being the owner of 23/61 thereof, and appellant of 38/61; that appellant is without right asserting title to all of said tract; that the same cannot be divided, etc.

The third paragraph is in the usual form to quiet title to 23/61 of said real estate. Appellant answered by a general denial and also filed a cross-complaint to quiet his title to said fifty-two-acre tract entire.

A demurrer addressed to each paragraph of the complaint was overruled. A trial by the court resulted in a general finding for appellee on his second paragraph of complaint in the sum of $1,674.75, which sum was declared to be a lien on said fifty-two-acre tract of land, inferior and subject to the lien of the Kokomo Trust Company. There was a finding for appellant on said first and third paragraphs of complaint and on his cross-complaint, quieting his title to said fifty-two-acre tract, subject to the lien of appellee as indicated. The

judgment followed the finding and directed a sale of said real estate to satisfy appellee's lien in case appellant failed to pay it, said sale being directed to be made subject to the trust company's mortgage, and in case such real estate did not sell for sufficient to pay appellee's judgment, costs and interests, the residue was to be levied on any property of appellant subject to execution.

A motion for new trial was overruled. This ruling and the overruling of the demurrer to the second paragraph of complaint, (hereinafter referred to as the complaint) are among the assigned errors, and are alone relied on for reversal.

It is first insisted by appellee that, because of certain suggested infirmities and irregularities appearing in the record and the assignment of errors, no question is presented by the appeal. A discussion of the questions suggested by such contention is rendered unnecessary by the conclusion reached on the merits of the appeal, and for this reason, will not be further noticed. It will be observed that among the facts alleged in said complaint, indicated *supra,* there is no allegation that appellant had any knowledge of the alleged trust agreement between appellee and his daughter, and it is insisted by appellant, in effect, that so far as said averments show, appellant may have been a purchaser of said real estate for a valuable consideration without notice of said agreement between appellee and his daughter, and that, for this reason, the complaint fails to show a right of action against appellant.

It is true that the trust agreement relied on by appellee would be invalid as against one who in good faith purchased said real estate for a valuable consideration without notice of such agreement; and hence, to enforce a lien for the money that entered into the purchase of such real estate under such

trust agreement, it would be necessary as against such a purchaser thereof for a valuable consideration to allege and prove his knowledge of such agreement. §4013 Burns 1914, §2970 R. S. 1881; *Prow* v. *Prow* (1893), 133 Ind. 340, 32 N. E. 1121. However, whether under the averments of this complaint indicated *supra,* appellant can be said to sustain the relation of an innocent purchaser to said transaction in the sense that it was necessary to allege notice of said agreement on his part in order that appellee might enforce the lien of the purchase money invested in said real estate under said agreement, we need not and do not decide. This is so for the following reasons: Appellant is not entitled to urge in this court any objections to the complaint that were not presented to the trial court by the memorandum accompanying the demurrer thereto. The objections contained in such memorandum are as follows: (a) that it "shows on its face that the plaintiff entrusted his money to Maude Spurgeon to invest for him in her own name, and that she violated the said trust. It is not shown that anyone else violated the said trust, and there is no cause of action stated against this defendant"; (b) that it "shows on its face that Maude Spurgeon in violation of a trust, used the money entrusted to her by plaintiff in part purchase of real estate in the name of herself and husband, and does not show any other violation of said trust."

Said complaint does not proceed upon the theory that the trust agreement relied on was had between any one other than appellee and his daughter, and hence, under such theory, there could not be a violation of such agreement by any one else, and an allegation of such *violation* by any one else was not only unnecessary to the sufficiency of the pleading, but, in a sense, would be inconsistent with it. *Knowledge of such agreement or*

*the existence thereof* · on appellant's part at the time of the purchase and taking of title to said real estate is one thing; the *violation of such agreement* is quite another. The absence of an averment of knowledge on appellant's part is urged in this court, while an absence of an averment of violation of said agreement by any one other than appellee's daughter was the only ground of objection below. The grounds of the memorandum, *supra*, make no attempt to direct the attention of the trial court to the fact that there is no averment in said paragraph showing that appellant was not a purchaser for a valuable consideration or that he purchased with knowledge of said trust agreement. Indeed, no specific mention of appellant is made in said memorandum and the necessity for an averment showing his knowledge of said trust agreement is not suggested, the only suggestion in this respect being that there is no showing of a *violation* of said agreement *by any one other than Maude Spurgeon* and that the only *violation shown* was that of *said Maude in using the money "entrusted to her by plaintiff in part · purchase of real estate in the name of herself and husband."* (Our italics.)

For the reasons indicated, we do not believe that the memorandum here involved points out the objections to the complaint now urged and relied on by appellant with that clearness and certainty contemplated by subdivision 6, §344 Burns 1914, Acts 1911 p. 415, as construed and interpreted by the decisions of the Supreme Court and this court. *Stiles* v. *Hasler* (1913), 56 Ind. App. 88, 104 N. E. 878, and cases cited. If the infirmity now urged against the complaint had been specifically and certainly pointed out in the memorandum accompanying appellant's demurrer thereto, such demurrer probably would have been sustained, with the result that said paragraph would have been amended

in the respect indicated. This statement is authorized by the following facts set out in appellant's brief as facts disclosed by the record: Upon the trial of the case appellee offered himself as a witness in his own behalf. Appellant objected to his testifying as to any transactions occurring during the lifetime of his daughter, Maude, upon the ground that the lips of the latter having been sealed by death, the law should close the lips of appellee as to such transactions. It was then suggested by the trial judge that, for the reasons indicated, he doubted the competency of the witness to testify to the matters indicated, but that, if desired, he was willing to hear the evidence without making an absolute ruling until he had given the matter further consideration and had examined any authorities that might be furnished.

The record then shows the following statements of attorneys and court:

Mr. Moon (one of appellee's attorneys) : "I make this suggestion * * *. You might hear it and strike it out and give us an exception, if the court becomes convinced it is incompetent. We have no testimony by which we can make a case unless we can prove by this man's testimony. It is a case whereby we are bound to get this evidence into the record or else fail, and if you feel this witness is not competent, then our case fails."

By the court: "I am willing to make that agreement and give you further time, if you feel that you want to investigate the proposition further, but at the present time I feel it is hardly competent."

By Mr. Wolf (one of appellant's attorneys) : "Defendant's objection goes to all questions to this witness on the ground that he is not a competent witness to anything occurring prior to the death of Maude Spurgeon."

The court finally overruled the objections to said evidence. In this connection, it should also be stated that the only objection made by appellant to the admission

of said evidence was the objection, above indicated, which challenged the competency of the witness to testify to any conversation or transaction with Maude Spurgeon in her lifetime.    There was no objection that the evidence was not within the issues tendered by the complaint.

It clearly appears from these admitted facts disclosed by the record that the parties and the court regarded as important and necessary the allegation and proof that appellant had knowledge of said trust agreement, and the evidence having been heard and admitted, without objection on the ground of the absence of such averment in the complaint, this court should now treat the complaint as amended in said respect; and hence the error, if any, in overruling said demurrer was rendered harmless.    *Bradley* v. *State* (1905), 165 Ind. 397, 402, 75 N. E. 873; *Miller* v. *State* (1905), 165 Ind. 566, 568, 76 N. E. 245; *M. S. Huey Co.* v. *Johnston* (1904), 164 Ind. 489, 495, 496, 73 N. E. 996; *Allen* v. *Hollingshead* (1900), 155 Ind. 178, 57 N. E. 917; *Chicago, etc., R. Co.* v. *Gorman* **(1914)**, 58 Ind. App. 381, 106 N. E. 897.

It is, however, very earnestly insisted by appellant that appellee was not competent to testify to said agreement made between him and his daughter, and that reversible error resulted from the court's action in overruling his objection to the competency of said witness to testify as to such agreement, and in overruling his motion to strike out such evidence based upon the same ground, each of which rulings is respectively assigned as one of the grounds of appellant's motion for new trial.    Appellant's hope of reversal of the judgment below seems to be largely predicated upon these rulings.    The contention of appellant cannot be maintained in the absence of a statute, which, by its letter or spirit, makes appellee incompetent.    §519

Burns 1914, §496 R. S. 1881. Appellant cites numerous cases in support of his contention, most of which are based on facts which bring them clearly within the letter or spirit of §521 or §522 Burns 1914 (§§498, 499 R. S. 1881). It is not claimed by appellant that the facts of the instant case bring it within the letter of either of said sections, but it is insisted, in effect, that appellant's title in a sense comes through Maude Spurgeon, who was deceased at the time said evidence was offered, and that the spirit of §§521 and 522, *supra,* was violated by permitting appellee to testify to an agreement, the effect of which was to overthrow or defeat said title. Appellant himself seems uncertain as to which of said sections excludes such evidence, but, in effect, insists that the spirit of each of them was violated by its admission. By its express terms, said §521, *supra,* is made to apply to cases in which an executor or an administrator is a party and a judgment or allowance may be rendered for or against his estate. We are unable to see upon what theory the instant case can be said to fall within the spirit of this statute. No executor or administrator is a party to this suit; neither the estate of Maude Spurgeon nor any other deceased person is involved, against which any allowance is asked or which could be in any way affected by any judgment herein rendered. So, if there be any ground for appellant's contention, it must be found, we think, in §522, *supra,* which provides as follows: "In all suits by or against heirs or devisees, founded on a contract with or demand against the ancestor, to obtain title to or possession of property, real or personal, of, or in right of, such ancestor, or to affect the same in any manner, neither party to such suit shall be a competent witness as to any matter which occurred prior to the death of the ancestor."

Whether the instant case falls within the spirit of

this section depends, in a measure at least, upon the character of the estate held by tenants by entirety, the character of the estate, if any, left by a deceased holder of such an estate, and the nature and source of the estate taken by the survivor. These questions were recently considered by this court, in the case of *Sharpe* v. *Baker* (1912), 51 Ind. App. 547, 553, 96 N. E. 627, 99 N. E. 44, and in an opinion by Judge Lairy, the court expressed itself as follows: "On the vesting of an estate by entireties, both tenants, by reason of the unity of their person by marriage, become seized of the whole estate, and neither is seized of any divisible part thereof; and therefore on the death of one, the survivor, *being already seized of the whole,* can acquire no *new or additional interest by virtue* of his survivorship." (Our italics.) See cases there cited, also *Beddingfield* v. *Estill* (1906), 118 Tenn. 39, 100 S. W. 108, 9 L. R. A. (N. S.) 640, 11 Ann. Cas. 904; *Johnson* v. *Lusk* (1868), 6 Cold. (Tenn.) 113, 98 Am. Dec. 445; *Thornton* v. *Thornton* (1825), 3 Rand. (Va.) 179; *Stuckey* v. *Keefe's* Ex'rs (1856), 26 Pa. 397. Under these authorities there can be but one conclusion as to the nature, character and source of the estate of appellant to the land in controversy. He and his deceased wife alike held title to the whole estate in such land from the moment of the execution of their joint deed. Their title comes from the same source—their common grantor. They took but one estate which by the terms of the grant continued in the survivor, and appellant's estate was not enlarged or added to by the death of his wife, but *her* estate was thereby terminated and extinguished, and his simply freed from her participation therein. She therefore left no estate in said real estate that could descend to him or any of her heirs, and he, through her death, took no new estate in said real estate. The appellee's action can therefore in no

way affect any property, real or personal, of Maude Spurgeon. As to such land, neither appellant nor appellee could take it as the heir of Maude, nor is either of them claiming, nor could either of them legally claim or assert, any title or interest in or to said real estate in right of Maude; nor could any estate, real or personal, if any were left by her, be in any way affected by any judgment that might be properly rendered in this action. The action is simply one to have a lien declared and enforced against appellant's land, to the extent of the fund used in its purchase by Maude Spurgeon under the agreement she had with appellee.

In determining whether said land ought to be subjected to said lien, any evidence tending to show that appellant, when he took title to said land, knew of the trust agreement between his wife and her father, under which the father furnished a part of the purchase money invested therein, was material and proper. Both persons who were to be affected, and whose property rights were to be affected by such agreement, if there were one, were living, and either was competent to testify as to any knowledge he had on said subject. We therefore hold that the evidence of appellee affecting said question was properly admitted. As tending to support this interpretation of §522 Burns 1914, *supra,* see *Snyder* v. *Frank* (1912), 53 Ind. App. 301, 101 N. E. 684; *Hitt* v. *Carr* (1916), 62 Ind. App. 80, 109 N. E. 456. *Taylor* v. *Duesterberg, Admr.* (1887), 109 Ind. 165, 171, 172, 9 N. E. 907; *Waltz* v. *Waltz* (1882), 84 Ind. 403, 409.

This conclusion also disposes of that ground of appellant's motion for new trial which challenges the decision of the trial court as not being sustained by sufficient evidence. Said evidence being properly admitted, there was evidence justifying such decision. *Boyer* v. *Libey* (1882), 88 Ind. 235; *Riehl* v. *Evansville*

*Foundry Assn.* (1885), 104 Ind. 70, 3 N. E. 633; *Orb v. Coapstick* (1894), 136 Ind. 313, 36 N. E. 278.

We have indicated *supra* that the court rendered a personal judgment over against appellant. It is insisted that this was error. Assuming, without deciding, that this part of the judgment was unauthorized by the issues and the evidence, appellant is in no position to take advantage of the error because he took no steps below to modify or have the judgment corrected in such respect. *Rardin* v. *Walpole* (1871), 38 Ind. 146, 150; *Cockrum* v. *West* (1890), 122 Ind. 372, 377, 23 N. E. 140; *Chicago, etc., R. Co.* v. *Eggers* (1896), 147 Ind. 299, 302, 303, 45 N. E. 786; *Allen* v. *Studebaker, etc., Co.* (1898), 152 Ind. 406, 411, 53 N. E. 422; *Martin* v. *Martin* (1881), 74 Ind. 207, 209; *Clark, Admr.,* v. *Wilson* (1881), 77 Ind. 176; *Stephenson* v. *Ballard* (1882), 82 Ind. 87; *Evans* v. *Feeny* (1882), 81 Ind. 532.

At the trial, the appellee offered and read in evidence the following letter:

"The First National Bank of Swayzee, Indiana.
        "Swayzee, Indiana, Oct. 1, 1913.
"Harness & Moon,
    "Kokomo, Ind.,
"Dear Sirs:
    "On investigating the files of Farmers Banking Co. we find that Mrs. Maud Spurgeon had a deposit of $1,506.50 Feb. 10, 1906. At that time she had a small balance and took a certificate of deposit, which she held until Aug. 26, 1907, when it was deposited with accrued interest making a total of $1,674.75. This amount with another deposit of $70.00 made a check of $1,744.75, drawn on Oct. 29, 1907.
    "We have no means of knowing in what form this was deposited or any disposition of it, as all records of that kind have been destroyed.
    "Trusting this may be satisfactory,
                "I remain,
                    "Tessa C. Plackard."

At the time this letter was offered, appellant objected to its introduction on the ground that "it is not shown that it has any connection whatever with the money for which this suit is filed." The court then inquired whether it was proposed to show such connection, and in response to this question it was stated by one of appellee's attorneys that they had the witness present "to testify and they agreed that if she could testify that this (letter) would be competent. This statement was not controverted and the court then overruled the objection with the "understanding" that the letter would be "connected up".

As against the objection urged and in view of the apparent understanding had between the parties and the condition under which the letter was admitted, no reversible error is presented by such action of the court.

The admission of the letter was immediately followed by a motion to strike it out. The motion having been made before appellee had been given opportunity to meet the only objection urged against such evidence in accord with the condition which the court placed upon its final acceptance as evidence, was properly overruled. We might add that there was evidence which at least tended to connect the contents of the letter with the purchase money invested in the real estate involved herein, and brought the evidence within the condition imposed in connection with its final acceptance as evidence.

No reversible error being shown, the judgment below is affirmed.

NOTE.—Reported in 115 N. E. 680. Fraudulent conveyances: what knowledge or notice of secret trust is sufficient to put purchaser from fraudulent vendor on inquiry, 32 L. R. A. 56; intent of grantor as test of validity of conveyance, 14 Am. St. 747. See under (1) 39 Cyc 559; (5) 40 Cyc 2266; (6) 2 Cyc 704; (8) 38 Cyc 1344.