REMBARGER ET AL. *v.* LOSCH.

[No. 9,441.   Filed March 1, 1918.   Rehearing denied June 28, 1918.
Transfer denied April 25, 1919.]

1. PLEADING.—*Demurrer.*—*Appeal.*—*Waiver of Defects.*—In view
   of §344 Burns 1914, Acts 1911 p. 415, an appellant who demurred
   to a complaint waives defects not specified in the memorandum
   filed with the demurrer.   p. 101.

2. APPEAL.—*Theory of Case.*—*Effect on Appeal.*—Where a com-
   plaint was susceptible of the theory adopted by the trial court,
   such theory will be adhered to on appeal, and, before a judgment
   may be sustained on the complaint, it must appear that the
   plaintiff is entitled to the relief granted on such theory, since a
   party may not sue upon one theory and recover upon another.
   p. 102.

3. MINES AND MINERALS.—*Leases.*—*Forfeiture.*—*Equitable Relief.*
   —*Adequate Legal Remedy.*—To entitle a lessor of mining prop-
   erty to equitable relief by way of forfeiture or cancellation of
   the lease for the lessee's failure to make stipulated payments, it
   must appear that there is not an adequate remedy in damages,
   since equity will not interfere where there is an adequate rem-
   edy at law.   p. 103.

4. MINES AND MINERALS.—*Leases.*—*Equitable Relief.*—*Burden of
   Proof.*—A lessor of mining property seeking a forfeiture of the
   lease because of the lessee's failure to make stipulated payments,
   has the burden of showing that there is no adequate legal rem-
   edy.   p. 103.

5. MINES AND MINERALS.—*Oil and Gas Leases.*—*Nature of Right.*—
   While oil and gas leases in the first instance·usually grant the
   lessee merely the right to explore, yet, if such exploration and
   development is made in accordance with the lease, and oil or
   gas is produced, the lessee acquires an interest in the land.
   p. 103.

6. MINES AND MINERALS.—*Oil and Gas Leases.*—*Forfeiture.*—
   Rights acquired in land by an oil and gas lessee, by reason of
   his exploration and development of the land, will not be for-
   feited unless it clearly appears that it would be inequitable to
   permit the lessee to assert longer such interest.   p. 103.

7. MINES AND MINERALS.—*Oil and Gas Leases.*—*Forfeiture.*—*Ade-
   quate Legal Remedy.*—Though provisions for forfeiture in an oil
   and gas lease are for the benefit of the lessor and are more

strictly enforced than such provisions in ordinary leases; yet, where a lessee had acquired an interest in the land by reason of his exploration and development thereof under a lease containing forfeiture provisions for the failure to make stipulated payments, or to furnish the lessor with gas for household purposes, and time was not made the essence of the contract, the failure to perform such provisions did not work a forfeiture, since in such case equity regards the payment or performance as the real or principal intent and the forfeiture merely as an accessory, and will not enforce the forfeiture, as the lessor could be adequately compensated in damages.  p. 104.

From Jay Circuit Court; *James J. Moran,* Judge.

Action by William J. Losch against Alva M. Rembarger and another. From a judgment for the plaintiff, the defendants appeal. *Reversed.*

*John W. Newton, Simmons & Daily* and *John J. Kelly,* for appellants.

*Canada & Chenowith, LaFollette & McGriff* and *S. A. D. Whipple,* for appellee.

BATMAN, P. J.—On March 4, 1914, appellee filed his complaint in two paragraphs against appellants, by which he sought the cancellation of a certain oil and gas lease, which he alleges he had executed to appellant Alva M. Rembarger. The first paragraph contains a copy of said lease, which, it is alleged, was executed on October 3, 1911. It provided in substance, among other things, that it was to run for ten years from its date and as much longer as mineral, oil, natural gas, or other valuable substances should be found on such premises in paying quantities; that appellee was to have one-eighth of all the oil produced and saved on the leased premises; that the lessee was to pay to the lessor "the sum of free gas for one well (for household use), and $50.00 per year for the gas from each and every well drilled on the premises, to

be paid yearly thereafter while the gas from such well is so used off the premises''; that in the event the lessee should fail to comply with the conditions of such lease, or pay the cash consideration mentioned therein, within the ninety days given therefor, ''the lease may be declared null and void, and the right to so declare this lease null and void shall extend to both parties to this agreement, together with their heirs, executors, grantees, successors or assigns, and sub-lessees.'' Said paragraph then alleges that by the mutual mistake of all the parties to the lease and by the mutual mistake of the scrivener who drew the same the real estate was erroneously described therein as being in section 20, when in truth and fact said land was in section 3. It then alleges facts showing a development of such premises in the years 1911 and 1912, by drilling of four wells which produced both oil and gas; the operation of the same, and the use of gas off said premises since March 15, 1912, from all of said four wells so drilled; the refusal to pay for the gas so used off said premises, although such payment had been frequently demanded; an election by appellee February 5, 1914, to declare said lease forfeited because of the refusal to comply with the conditions thereof as alleged; the service of notice of such forfeiture on the said Alva M. Rembarger and New Pittsburgh Oil and Gas Company, to whom said Rembarger claimed he had assigned said lease; the continued operation of said wells for oil and gas, and the use of gas off said premises from each of said wells, after the forfeiture and the service of such notice, and the continued refusal to furnish appellee gas for household use, or to comply with the conditions of the lease as alleged. Prayer that the lease be declared forfeited and appellee's title quieted.

The second paragraph of complaint is the same as the first, except that it asks in addition a judgment for $300 for the alleged use of gas off the premises. Appellants filed separate demurrers to each paragraph of the complaint for want of facts, which were overruled and proper exceptions reserved.

Appellants then answered by general denial, and also by two affirmative paragraphs of answer, to which a reply in general denial was filed.

Trial was had by the court, and judgment was rendered in favor of appellee on the first paragraph of complaint, reforming and canceling such lease, and giving appellee sixty days to remove his property from the premises. Appellants filed a motion for a new trial, which was overruled and proper exceptions reserved. The errors assigned by appellants are based on the action of the court in overruling their demurrers to each paragraph of the complaint, and in overruling their motion for a new trial.

Appellants have stated a number of points, and cited a number of authorities, in support of their contention that the court erred in overruling their

1.   demurrers to each paragraph of the complaint. Such contention, however, is not based on any defects stated in the memorandum filed with the demurrer, and are therefore waived. §344 Burns 1914, Acts 1911 p. 415; *State, ex rel.* v. *Bartholomew* (1911), 176 Ind. 182, 95 N. E. 417, Ann. Cas. 1914B 91; *Spurgeon* v. *Olinger* (1917), 64 Ind. App. 176, 115 N. E. 680.

Appellants base their alleged error in overruling their motion for a new trial on the grounds that the decision of the court is not sustained by sufficient evidence and is contrary to law.

Since the judgment was rendered on the first paragraph of complaint, we are only required to consider the grounds for a new trial in relation thereto.

2. The trial court evidently construed this paragraph as a proceeding in equity, seeking a decree reforming and canceling the lease in question, as appears from the relief granted. Said paragraph being susceptible of such construction, and the case being so tried, such theory will be adhered to on appeal. *Pittsburgh, etc., R. Co.* v. *Lamm* (1916), 61 Ind. App. 389, 112 N. E. 45; *Studabaker* v. *Faylor* (1908), 170 Ind. 498, 83 N. E. 747, 127 Am. St. 397; *Ditton* v. *Hart* (1911), 175 Ind. 181, 93 N. E. 961. By the allegations of said paragraph such right of cancellation is based on an alleged forfeiture by reason of certain specific violations of such lease stated therein. Before the judgment can be sustained, it must appear that appellee is entitled to the relief granted on the case thus presented, as he cannot sue upon one theory and recover upon another. *Louisville, etc., R. Co.* v. *Renicker* (1893), 8 Ind. App. 404, 35 N. E. 1047; *Pennsylvania Co.* v. *Walker* (1902), 29 Ind. App. 285, 64 N. E. 473.

Appellants first contend that the evidence fails to establish any alleged violation of the lease in question. The only violations alleged are the failure to pay the annual amounts for each well, while gas therefrom was used off said premises, and to furnish free gas for household use. The trial court evidently found that such allegations had been sustained, and, as there was evidence which tends to support the same, we are bound by such finding. It only remains for this court to determine whether such violations are sufficient to warrant the judgment rendered.

It is a well-settled rule that where there is an adequate remedy at law, equity will not interfere, and that extraordinary remedies cannot be invoked. *Ploughe* v. *Boyer* (1871), 38 Ind. 113; *Geiser Mfg. Co.* v. *Lee* (1904), 33 Ind. App. 38, 66 N. E. 701; *Handley* v. *Sprinkle* (1904), 31 Mont. 57, 77 Pac. 296, 3 Ann. Cas. 531; *Sunset Tel., etc., Co.* v. *Williams* (1908), 162 Fed. 301, 89 C. C. A. 281, 22 L. R. A. (N. S.) 374. In harmony with this rule it is well settled that, to entitle a lessor of mining property to equitable relief by way of forfeiture or cancellation of a lease, for the lessee's failure to *make stipulated payments,* it must appear that there is not an adequate remedy at law by suit for damages. 2 Black, Rescission and Cancellation 1139, §472. The burden is upon the plaintiff to establish an absence of such remedy, when relief in equity is sought. *Kyle* v. *Frost* (1868), 29 Ind. 382; *Seymour Water Co.* v. *City of Seymour* (1904), 163 Ind. 120, 70 N. E. 514; *Howerton* v. *Kansas, etc., Gas Co.* (1910), 81 Kan. 553, 106 Pac. 47, 34 L. R. A. (N. S.) 34, 47.

It is also well settled that, while oil and gas leases in the first instance usually grant to the lessee merely the right to explore for such products, if such exploration and development is made in accordance with the terms of such lease, and oil or gas is produced thereby as therein provided, such lessee acquires an interest in such land. Thornton, Oil and Gas (2d ed.) §332a; *Ohio Oil Co.* v. *Griest* (1902), 30 Ind. App. 84, 65 N. E. 534; *Carr* v. *Huntington Light, etc., Co.* (1904), 33 Ind. App. 1, 70 N. E. 552; *Shenk* v. *Stahl* (1905), 35 Ind. App. 493, 74 N. E. 538; *Ramage* v. *Wilson* (1910), 45

Ind. App. 599, 88 N. E. 862; *Johnson* v. *Sidey* (1915), 59 Ind. App. 678, 109 N. E. 934. When an interest in real estate has been thus acquired by a lessee, it will not be forfeited, unless it clearly appears that it would be against equity to permit the lessee longer to assert such interest. *Gadbury* v. *Ohio, etc., Gas Co.* (1904), 162 Ind. 9, 67 N. E. 259, 62 L. R. A. 895.

While it is true that provision for forfeitures in oil and gas leases are for the benefit of the lessor, and are more strictly enforced than in the ordinary lease between landlord and tenant, yet it is not a rule of universal application that all defaults made by the lessee entitle the lessor to declare a forfeiture, or to have a decree canceling the lease. If such forfeiture be for the nonpayment of money or the performance of some other act, equity regards such payment or performance as the real or principal intent and the forfeiture merely as an accessory, where time is not made of the essence of the contract, and will not enforce such forfeiture, where the actual damages sustained by the other party can be adequately compensated. Thornton, Oil and Gas (2d ed.) 262, §187; *Maginnis* v. *Knickerbocker Ice Co.* (1901), 112 Wis. 385, 88 N. W. 300, 69 L. R. A. 833, note; *Lynch* v. *Versailles Gas Co.* (1895), 165 Pa. St. 518, 30 Atl. 984; *Edwards* v. *Iola Gas Co.* (1902), 65 Kan. 362, 69 Pac. 350; *South Penn Oil Co.* v. *Edgell* (1900), 48 W. Va. 348, 37 S. E. 596, 86 Am. St. 43.

Applying these rules to the facts in the instant case, it should be noted that there is no claim on the part of appellee that there has been a failure to explore or develop the premises, or to find and produce oil and gas. Therefore the case presented is not one where the lessee has sinned away his opportu-

nity to explore or develop, or has failed to find and produce, but one in which all of this has been done, and appellants have acquired an interest in the real estate thereby. Furthermore, it should be noted that time is not made of the essence of the contract, and there is no evidence which tends to show that the actual damages sustained for the violations alleged cannot be definitely ascertained or adequately compensated in an action at law. Under such a state of facts appellee was not entitled to a decree canceling the lease in suit. The conclusion we have reached is in harmony with the rule laid down in the case of *Seymour Water Co.* v. *City of Seymour, supra,* wherein it is held that a party who seeks the cancellation of a contract which has been wholly or partially executed by the opposite party must show a necessity for such remedy, and especially must show the lack of an adequate remedy at law.

We therefore conclude that the court erred in overruling appellant's motion for a new trial, for which error judgment is reversed, with instructions to sustain such motion, and for further proceedings not inconsistent with this opinion.

Hottel, J., dissents. Caldwell, J., not participating.